[Cite as *State v. McClure*, 2023-Ohio-827.]

COURT OF APPEALS
MUSKINGUM COUNTY, OHIO
FIFTH APPELLATE DISTRICT

|                     |   | JUDGES:                    |
|---------------------|---|----------------------------|
| STATE OF OHIO       | : | Hon. W. Scott Gwin, P.J.   |
|                     | : | Hon. John W. Wise, J.      |
| Plaintiff-Appellee  | : | Hon. Andrew J. King, J.    |
|                     | : |                            |
| -vs-                | : |                            |
|                     | : | Case No. CT2022-0048       |
| CHAZ MCCLURE        | : |                            |
|                     | : |                            |
| Defendant-Appellant | : | OPINION                    |

CHARACTER OF PROCEEDING: Criminal appeal from the Muskingum County Court of Common Pleas, Case No. CR2022-0217

JUDGMENT: Affirmed

DATE OF JUDGMENT ENTRY: March 16, 2023

APPEARANCES:

For Plaintiff-Appellee

RON WELCH
Prosecuting Attorney
BY: JOHN CONNOR DEVER
Assistant Prosecutor
27 North Fifth St., Box 189
Zanesville, OH 43702

For Defendant-Appellant

CHRIS BRIGDON
8138 Somerset Road
Thornville, OH 43076

*Gwin, P.J.*

{¶1}   Defendant-appellant Chaz M. McClure ["McClure"] appeals his convictions and sentences after entering negotiated guilty pleas in the Muskingum County Court of Common Pleas.

*Facts and Procedural History*

{¶2}   McClure was indicted in Muskingum County Court of Common Pleas, Case Number CR2022-0217, our Case Number CT2022-0048 for the following,

Count 1: Possession of marijuana less than 100 grams in violation of R.C. 2925.11(A), a minor misdemeanor;

Count 2: Falsification in violation of R.C. 2921.13(A)(7), a misdemeanor of the first degree; and

Count 3:  Having a weapon while under a disability, with a forfeiture specification, in violation of R.C. 2923.13(A)(3) and R.C. 2941.1417.

{¶3}   A prosecutor's Bill of Information in Muskingum County Court of Common Pleas, Case Number 2022-0296, our Case Number CT2022-0049 charged McClure with,

Count 1 and Count 2: Pandering obscenity involving a minor, in violation of R.C. 2907.321(A)(1), felonies of the second degree.

{¶4}   On June 29, 2022 McClure and his attorney executed a written Plea of Guilty to the charges in Case Number CR2022-0217. [Docket Entry No. 20].  Also, on June 29, 2022 McClure and his attorney executed a Waiver and Plea of Guilty to Prosecutor's Bill of Information in Case Number CR2022-2096.

{¶5}   A plea hearing in both cases took place on June 29, 2022. The parties agreed to a joint sentencing recommendation of 15 years for both cases, with a stipulation

to the findings necessary for the imposition of consecutive sentences. T. at 4. The parties further stipulated that the counts do not merge for sentencing. Id. McClure waived the preparation of a pre-sentence investigation report and agreed to proceed to sentencing. T. at 21.

{¶6} The trial court accepted McClure's guilty pleas, found him guilty and imposed an aggregate sentence in both cases of 15 years to 18 ½ years. *Entry, Case No. CR2022-0296*, filed July 5, 2022. [Docket Entry No. 4].

*Assignment of Error*

{¶7} McClure raises one Assignment of Error,

{¶8} "I. DID THE TRIAL COURT ERROR WHEN ACCEPTING THE APPELLANT'S PLEA OF GUILTY AFTER RELUCTANCE DURING THE COLLOQUY AND THEREFORE UNKNOWINGLY AND NOT VOLUNTARY, IN VIOLATION OF HIS RIGHTS TO DUE PROCESS GUARANTEED BY SECTION 10, ARTICLE I OF THE OHIO CONSTITUTION AND THE FIFTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION?"

*Law and Analysis*

{¶9} Crim. R. 11 requires guilty pleas to be made knowingly, intelligently and voluntarily. Although literal compliance with Crim. R. 11 is preferred, the trial court need only "substantially comply" with the rule when dealing with the non-constitutional elements of Crim.R. 11(C). *State v. Ballard*, 66 Ohio St.2d 473, 475, 423 N.E.2d 115(1981), *citing State v. Stewart*, 51 Ohio St.2d 86, 364 N.E.2d 1163(1977).

{¶10} The constitutional rights are: (1) a jury trial; (2) confrontation of witnesses against him; (3) the compulsory process for obtaining witnesses in his favor; (4) that the

state must prove the defendant's guilt beyond a reasonable doubt at trial; and (5) that the defendant cannot be compelled to testify against himself. *State v. Veney*, 120 Ohio St.3d 176, 2008-Ohio-5200, 897 N.E.2d 621, ¶ 19. If the trial court fails to strictly comply with these requirements, the defendant's plea is invalid. Id. at ¶ 31.

{¶11} The non-constitutional rights that the defendant must be informed of are: (1) the nature of the charges; (2) the maximum penalty involved, which includes, if applicable, an advisement on post-release control; (3) if applicable, that the defendant is not eligible for probation or the imposition of community control sanctions; and (4) that after entering a guilty plea or a no contest plea, the court may proceed directly to judgment and sentencing. Crim.R. 11(C)(2)(a)(b); *Veney* at ¶ 10-13; State *v. Sarkozy*, 117 Ohio St.3d 86, 2008-Ohio-509, 423 N.E.2d 1224, ¶ 19-26, (postrelease control is a non-constitutional advisement).

{¶12} For the non-constitutional rights, the trial court must substantially comply with Crim.R. 11's mandates. *State v. Nero,* 56 Ohio St.3d 106, 108, 564 N.E.2d 474 (1990). "Substantial compliance means that under the totality of the circumstances the defendant subjectively understands the implications of his plea and the rights he is waiving." *Veney* at ¶ 15. Furthermore, a defendant who challenges his guilty plea on the basis that the advisement for the non-constitutional rights did not substantially comply with Crim.R. 11(C)(2)(a)(b) must also show a prejudicial effect, meaning the plea would not have been otherwise entered. *Veney* at ¶ 15; *State v. Stewart*, 51 Ohio St.2d 86, 93, 364 N.E.2d 1163(1977).

{¶13} When reviewing a plea's compliance with Crim.R. 11(C), we apply a de novo standard of review. *State v. Nero,* 56 Ohio St.3d 106, 108-109, 564 N.E.2d

474(1990); *State v. Lebron,* 8th Dist. Cuyahoga No. 108825, 2020-Ohio-1507, ¶9; *State v. Groves,* 5th Dist. Fairfield Nos. 2019 CA 00032, 2019 CA 00033, 2019-Ohio-5025, ¶7.

**Issue for appellate review:** *Whether McClure's plea was made knowingly, intelligently and voluntarily.*

{¶14} McClure does not argue that the trial court failed to comply with Crim R. 11's strict or substantial compliance requirements before accepting his guilty pleas. Rather, McClure contends that because he indicated at one point to the trial court during the colloquy that he was "holding back," the trial court should not have accepted his pleas without further inquiry.

{¶15} McClure informed the court that he understood the bill of information. T. at 7. He further waived the 24-hour time requirement. McClure affirmatively told the trial court that he understood each charge in each case. McClure told the trial judge that he understood the requirements of post-release control. T. at 9 -10. McClure told the trial judge that he understood all the charges and the possible defenses that he may have to those charges. T. at 10. McClure told the trial judge that he was satisfied with his attorney and the advice he had been given by his attorney. T. at 10. McClure indicated that the only promise that had been made was, "No further Indictment is the only thing." T. at 11. The trial judge continued,

> THE COURT: If you feel threatened, I can't accept your plea.
>
> THE DEFENDANT: I – I haven't been threatened other than the facts, sir. I can't—
>
> THE COURT: You're pleading to avoid the possibility of more –a bigger sentence?

THE DEFENDANT: Yes sir.

T. 11-12. The court continued the colloquy by explaining McClure's constitutional rights. T. at 12-14. The requirements of the sexual classification and reporting mandates were likewise explained to McClure. T. at 14-15. McClure expressed no hesitation, confusion or reluctance when asked how he wished to plea to each charge.

{¶16} McClure and his attorney executed written waiver and plea of guilty forms. A written waiver of constitutional rights is presumed to have been voluntary, knowing, and intelligent. *State v. Turner,* 105 Ohio St.3d 331, 2005-Ohio-1938, 826 N.E.2d 266, ¶25. Further, the trial court conducted a lengthy inquiry concerning each of McClure's constitutional rights during the change of plea hearing. The trial judge gave McClure several opportunities to ask questions or bring any concerns to his attention. McClure did not. McClure did not file a motion in the trial court seeking to withdraw his negotiated guilty plea. McClure does not argue that he would not have entered his negotiated guilty pleas had the trial judge engaged in further questioning.

{¶17} We have reviewed the transcript of the hearing at which the trial court conducted the plea colloquy required by Crim.R. 11 and determined that the court substantially complied with Crim.R. 11(C)(2)(a) and (b) and strictly complied with Crim.R. 11(C)(2)(c). The record supports that an extensive colloquy occurred, and that the trial court accepted McClure's plea and properly proceeded to sentencing.

{¶18} We find McClure's suggestion that he did not understand his rights, or that his plea was involuntary to be unsupported by the record.

{¶19} McClure's sole Assignment of Error is overruled.

{¶20} The judgment of the Muskingum County Court of Common Pleas is affirmed.

Gwin, P.J.,

Wise, J., and

King, J., concur