[Cite as *State v. Johnston*, 2023-Ohio-1392.]

COURT OF APPEALS
MUSKINGUM COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | JUDGES: |
| | : | |
| | : | Hon. John W. Wise, P.J. |
| Plaintiff-Appellee | : | Hon. Patricia A. Delaney, J. |
| | : | Hon. Andrew J. King, J. |
| -vs- | : | |
| | : | Case No. CT2022-0076 |
| | : | |
| HENRY F. JOHNSTON | : | |
| | : | |
| | : | |
| Defendant-Appellant | : | O P I N I O N |

CHARACTER OF PROCEEDING:          Appeal from the Muskingum County
                                 Court of Common Pleas, Case No.
                                 CR2022-0267

JUDGMENT:                        AFFIRMED

DATE OF JUDGMENT ENTRY:          April 27, 2023

APPEARANCES:

For Plaintiff-Appellee:                    For Defendant-Appellant:

RONALD WELCH                               CHRIS BRIGDON
MUSKINGUM COUNTY PROSECUTOR                813 Somerset Rd.
27 N. 5th St., P.O. Box 189                Thornville, OH 43076
Zanesville, OH 43702

*Delaney, J.*

{¶1} Defendant-Appellant Henry F. Johnston appeals his convictions and sentence by the Muskingum County Court of Common Pleas for two counts of Gross Sexual Imposition, in violation of R.C. 2907.05(A)(4) and 2907.05(B). Plaintiff-Appellee is the State of Ohio.

## FACTS AND PROCEDURAL HISTORY

{¶2} On June 8, 2022, the Muskingum County Grand Jury indicted Defendant-Appellant Henry F. Johnston on four counts of Gross Sexual Imposition, with a sexually violent predator specification, and one count of Kidnapping, with a sexually violent predator specification and a sexual motivation specification. The charges were based on his touching of a minor child for sexual gratification purposes. Johnston was arraigned on June 29, 2022, and entered a plea of not guilty to the charges.

{¶3} Johnston appeared for a change of plea hearing on August 31, 2022. Johnston and the State entered into a plea agreement where Johnston withdrew his general plea of not guilty and entered a plea of guilty to (1) Count One, Gross Sexual Imposition, as amended, a third-degree felony in violation of R.C. 2907.05(A)(4), and (2) Count Three, Gross Sexual Imposition, as amended, a third-degree felony in violation of R.C. 2907.05(B). (T. 3-4). Johnston was required to register as a Tier III sex offender. (T. 4). The parties agreed the State would make no recommendation as to sentencing but both parties reserved the right to argue for the appropriate sentence. (T. 4). The State agreed to dismiss the sexually violent predator specification attached to Counts One, Two, Three, Four, and Five. (T. 4).

{¶4} The trial court engaged in the plea colloquy and accepted Johnston's guilty pleas. (T. 5 – 11, 14). Johnston was currently serving a 54-month prison term until 2025 based on his conviction for Gross Sexual Imposition against his minor granddaughter in Case No. CR2020-0379, but the trial ordered a presentence investigation prior to sentencing. (T. 14).

{¶5} Johnston appeared for his sentencing hearing on October 3, 2022. The State made its recommendation for sentencing, which was more than the minimum 54 months, as Johnston was sentenced in the previous criminal action. (T. 6). The trial court then reviewed the Tier III sex offender registration with Johnston, where he found Johnston was a Tier III sex offender for registration purposes. (T. 6-7). Johnston requested a sentence concurrent to the sentence in his prior conviction for Gross Sexual Imposition, for which he was currently serving prison time. (T. 10). The trial court stated it reviewed the presentence investigation, the case file, and the victim impact statements. Based on the facts and circumstances of the case, the trial court sentenced Johnston to 48 months on Count One and 48 months on Count Two, to be served consecutively, for an aggregate prison term of 96 months. (T. 12). The trial court found consecutive sentences were necessary to protect the public and punish the offender, and not disproportionate to the seriousness of the conduct and the danger posed to the public. (T. 12). Johnston committed at least two of the multiple offenses as part of one or more courses of conduct, the harm of which was so great or unusual that no single prison term could adequately reflect the seriousness of the conduct. (T. 13). Finally, the trial court found consecutive sentences were necessary based on Johnston's history of criminal conduct. (T. 13). Johnston's conviction in Case No. 2020-0379 was based on gross

sexual imposition against his minor granddaughter; and in this case, he was charged with gross sexual imposition against a minor child he was babysitting.

{¶6}   The trial court issued its sentencing entry on October 7, 2022.

### *Anders* **Appeal**

{¶7} Appellate counsel for Johnston has filed a Motion to Withdraw and a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), rehearing den., 388 U.S. 924, indicating the within appeal is wholly frivolous.

{¶8} In *Anders*, the United States Supreme Court held if, after a conscientious examination of the record, a defendant's counsel concludes the case is wholly frivolous, then he or she should so advise the court and request permission to withdraw. *Id.* at 744. Counsel must accompany the request with a brief identifying anything in the record which could arguably support the appeal. *Id.* Counsel also must: (1) furnish the client with a copy of the brief and request to withdraw and (2) allow the client sufficient time to raise any matters the client chooses. *Id.* Once the defendant's counsel satisfies these requirements, the appellate court must fully examine the proceedings below to determine if any arguably meritorious issues exist. If the appellate court also determines the appeal is wholly frivolous, it may grant counsel's request to withdraw and dismiss the appeal without violating constitutional requirements or may proceed to a decision on the merits if state law so requires. *Id.*

{¶9} Johnston's counsel has filed a brief identifying two arguably meritorious issues in the record: whether the trial court erred in accepting Johnston's guilty pleas and imposing consecutive sentences.

{¶10} We find Johnston's counsel has followed the procedures required by *Anders*.

**Change of Plea**

{¶11} Crim. R. 11 requires guilty pleas to be made knowingly, intelligently, and voluntarily. Although literal compliance with Crim. R. 11 is preferred, the trial court need only "substantially comply" with the rule when dealing with the non-constitutional elements of Crim.R. 11(C). *State v. Ballard*, 66 Ohio St.2d 473, 475, 423 N.E.2d 115(1981), citing *State v. Stewart*, 51 Ohio St.2d 86, 364 N.E.2d 1163(1977).

{¶12} The constitutional rights are: (1) a jury trial; (2) confrontation of witnesses against him; (3) the compulsory process for obtaining witnesses in his favor; (4) that the state must prove the defendant's guilt beyond a reasonable doubt at trial; and (5) that the defendant cannot be compelled to testify against himself. *State v. Veney*, 120 Ohio St.3d 176, 2008-Ohio-5200, 897 N.E.2d 621, ¶ 19. If the trial court fails to strictly comply with these requirements, the defendant's plea is invalid. *Id.* at ¶ 31.

{¶13} The non-constitutional rights that the defendant must be informed of are: (1) the nature of the charges; (2) the maximum penalty involved, which includes, if applicable, an advisement on post-release control; (3) if applicable, that the defendant is not eligible for probation or the imposition of community control sanctions; and (4) that after entering a guilty plea or a no contest plea, the court may proceed directly to judgment and sentencing. Crim.R. 11(C)(2)(a)(b); *Veney* at ¶ 10-13; *State v. Sarkozy*, 117 Ohio St.3d 86, 2008-Ohio-509, 423 N.E.2d 1224, ¶ 19-26, (postrelease control is a non-constitutional advisement).

{¶14} For the non-constitutional rights, the trial court must substantially comply with the mandates of Crim.R. 11. *State v. Nero*, 56 Ohio St.3d 106, 108, 564 N.E.2d 474 (1990). "Substantial compliance means that under the totality of the circumstances the defendant subjectively understands the implications of his plea and the rights he is waiving." *Veney* at ¶ 15. Furthermore, a defendant who challenges his guilty plea on the basis that the advisement for the non-constitutional rights did not substantially comply with Crim.R. 11(C)(2)(a)(b) must also show a prejudicial effect, meaning the plea would not have been otherwise entered. *Veney* at ¶ 15; *State v. Stewart*, 51 Ohio St.2d 86, 93, 364 N.E.2d 1163(1977).

{¶15} When reviewing a plea's compliance with Crim.R. 11(C), we apply a de novo standard of review. *State v. Nero*, 56 Ohio St.3d 106, 108-109, 564 N.E.2d 474(1990); *State v. Lebron*, 8th Dist. Cuyahoga No. 108825, 2020-Ohio-1507, ¶9; *State v. Groves*, 5th Dist. Fairfield Nos. 2019 CA 00032, 2019 CA 00033, 2019-Ohio-5025, ¶7.

{¶16} We have reviewed the transcript of the hearing at which the trial court conducted the plea colloquy required by Crim.R. 11 and we find the trial court substantially complied with Crim.R. 11(C)(2)(a) and (b) and strictly complied with Crim.R. 11(C)(2)(c). The record supports that the trial court engaged in a proper plea colloquy, and that the trial court accepted Johnston's plea and properly proceeded to sentencing.

**Sentencing**

{¶17} Johnston pleaded guilty to two counts of Gross Sexual Imposition, both third-degree felonies. This Court reviews felony sentences using the standard of review set forth in R.C. 2953.08. *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, 59

N.E.3d 1231, ¶ 22; *State v. Howell*, 5th Dist. Stark No. 2015CA00004, 2015-Ohio-4049, ¶ 31. Subsection (G)(2) sets forth this Court's standard of review as follows:

(2) The court hearing an appeal under division (A), (B), or (C) of this section shall review the record, including the findings underlying the sentence or modification given by the sentencing court.

The appellate court may increase, reduce, or otherwise modify a sentence that is appealed under this section or may vacate the sentence and remand the matter to the sentencing court for resentencing. The appellate court's standard of review is not whether the sentencing court abused its discretion. The appellate court may take any action authorized by this division if it clearly and convincingly finds either of the following:

(a) That record does not support the sentencing court's findings under division (B) or (D) of section 2929.13, division (B)(2)(e) or (C)(4) of section 2929.14, or division (I) of section 2929 of the Revised Code, whichever, if any, is relevant;

(b) That the sentence is contrary to law.

{¶18} "Clear and convincing evidence is that measure or degree of proof which is more than a mere 'preponderance of the evidence,' but not to the extent of such certainty as is required 'beyond a reasonable doubt' in criminal cases, and which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established." *Cross v. Ledford*, 161 Ohio St. 469, 120 N.E.2d 118 (1954), paragraph three of the syllabus.

{¶19} "A sentence is not clearly and convincingly contrary to law where the trial court 'considers the principles and purposes of R.C. 2929.11, as well as the factors listed in R.C. 2929.12, properly imposes post release control, and sentences the defendant within the permissible statutory range.' " *State v. Morris*, 5th Dist. Ashland No. 20-COA-015, 2021-Ohio-2646, ¶ 90, quoting *State v. Dinka*, 12th Dist. Warren Nos. CA2019-03-022 and CA2019-03-026, 2019-Ohio-4209, ¶ 36.

{¶20} Upon review, we find the sentence imposed is not clearly and convincingly contrary to law. The sentence is within the statutory range for a felony of the third degree, and the trial court considered the R.C. 2929.11 and 2929.12 factors.

{¶21} The trial court also ordered that Johnston's sentences be served consecutively with one another for an aggregate term of 96 months, which was to be served consecutively to the sentence Johnston was currently serving in Case No. CR2020-0379.

{¶22} Pursuant to R.C. 2929.14(C)(4), the trial court must make specific findings to impose consecutive sentences:

(4) If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:

(a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.

(b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.

(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

{¶23} At the sentencing hearing and in the October 7, 2022 sentencing entry, the trial court made the requisite findings. The trial court recited the facts and stated when Johnston pleaded guilty in this case, he showed no remorse. (T. 11). The multiple acts of sexual abuse occurred when Johnston was babysitting the minor child, who was 9 or 10 years of age when the abuse occurred. (T. 12). The trial court's findings pursuant to R.C. 2919.14(C)(4) are supported by the record.

{¶24} We find no merit in the proposed Assignments of Error, and they are hereby overruled. Furthermore, after independently reviewing the record, we agree with appellate counsel's conclusion that no arguably meritorious claims exist upon which to base an appeal. We therefore find the appeal to be wholly frivolous under *Anders*, grant counsel's request to withdraw, and affirm the judgment of the trial court.

## CONCLUSION

{¶25} The judgment of the Muskingum County Court of Common Pleas is affirmed.

By: Delaney, J.,

Wise, P.J. and

King, J., concur.