**[Cite as *State v. Harris*, 2023-Ohio-4182.]**

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | | |
|---|---|---|---|
| STATE OF OHIO, | : | | JUDGES: |
| | : | | Hon. W. Scott Gwin, P.J. |
| Plaintiff - Appellee | : | | Hon. William B. Hoffman, J. |
| | : | | Hon. Craig R. Baldwin, J. |
| -vs- | : | | |
| | : | | |
| JORDAN THOMAS DANIEL HARRIS, | : | | Case No. 2023CA00025 |
| | : | | |
| Defendant - Appellant | : | | O P I N I O N |

CHARACTER OF PROCEEDING:      Appeal from the Stark County Court of Common Pleas, Case No. 2022-CR-0776A

JUDGMENT:      Affirmed

DATE OF JUDGMENT:      November 17, 2023

APPEARANCES:

For Plaintiff-Appellee

KYLE L. STONE
Prosecuting Attorney
Stark County, Ohio

By: VICKI L. DESANTIS
Assistant Prosecuting Attorney
110 Central Plaza South, Ste. 510
Canton, Ohio 44702-1413

For Defendant-Appellant

AARON KOVALCHIK
116 Cleveland Ave. NW
Suite 808
Canton, Ohio 44702

*Baldwin, J.*

{¶1}    Appellant, Jordan Thomas Daniel Harris, appeals his sentence for multiple offenses: Felonious Assault in violation of R.C. 2903.11(A)(2)/((D)(1)(a), a felony of the second degree, with a firearm specification in violation of R.C. 2941.146(A) - 5 years, drive by shooting, and a repeat violent offender specification in violation of R.C. 2941.149(A); Discharge of a Firearm on or Near Prohibited Premises in violation of R.C. 2923.162(A)(3)/(C)(2), a felony of the third degree, with a firearm specification in violation of R.C. 2941.146(A) - 5 years, drive by shooting; Having Weapons While Under Disability in violation of R.C. 2923.13(A)(2)/(B), a felony of the third degree; and Improperly Handling Firearms in a Motor Vehicle in violation of R.C. 2923.16(A)/(I), a felony of the fourth degree. The State of Ohio is Appellee.

## STATEMENT OF THE FACTS AND THE CASE

{¶2}    The facts underlying the charges brought against Harris are not well developed in the record as he entered a plea of guilty.  His assignments of error are directed toward his state of mind during the change of plea hearing, so the underlying facts are not pertinent to the resolution of this appeal and are omitted.

{¶3}    Harris entered a not-guilty plea at arraignment and later agreed to a negotiated plea agreement in which Appellee agreed to dismiss the three year fire arm specifications associated with the first three counts of the indictment and Harris agreed to plead guilty.

{¶4}    The negotiated plea agreement was reviewed by the court and the parties during a June 28, 2022 pretrial.  Harris's counsel described the details of the agreement and confirmed that Harris understood the terms, and that Harris consented to his attorney

signing on his behalf. The trial court reviewed the written plea of guilty and asked if Harris had read and understood the document.  Harris responded that he had not read it, but that his trial counsel read "some of it.  You know, we skimmed it pretty much whatever applied to me, pretty much." (Plea and Sentencing Transcript, June 28, 2022, p. 8, lines 4-6).  Trial counsel clarified by explaining that paragraphs related to lesser charges would not be applicable because the terms regarding the more serious charges would govern. The trial court asked if Harris felt "that Mr. Hill explained this plea form to you in its entirety?" and he responded "Yep. I mean . . ." (Plea and Sentencing Transcript, June 28, 2022, p. 9, lines 4-7).  When asked if he had an opportunity to ask his trial counsel questions and if he had any questions he "wanted to ask at that time," Harris responded: "Yeah, I already asked the questions I needed to, Your Honor." (Plea and Sentencing Transcript, June 28, 2022, p. 9, lines 8-13).

{¶5}    Harris's trial attorney reviewed the details of the plea agreement and the expected sentence and explained that Harris had "a bad experience in a prior plea situation where he didn't feel like the attorney did things to his satisfaction." (Plea and Sentencing Transcript, June 28, 2022, p. 5, line 23 to p. 6, line 1.) He then asked for Harris's confirmation that the details were on the record and Harris agreed. These comments by Harris's counsel supports a conclusion that Harris was acutely aware of the nature of the charges and the potential penalties. Harris communicated with his attorney to express his understanding of the agreement and to convey his demand that the attorney insure that the State fulfilled its commitment regarding the plea agreement.

**{¶6}** The trial court reviewed the plea agreement and Harris agreed to the terms as explained by the trial court. The trial court then engaged in the Rule 11 colloquy with Harris and he indicated his understanding of all his rights with no hesitation or question.

**{¶7}** The trial court sentenced Harris for an aggregate minimum prison term of four years up to a maximum term of six years for the listed offenses and a prison term of five years on the firearm specifications to be served prior to the sentence on the four underlying offenses. The trial court ordered Harris to pay restitution, jointly and severally with the co-defendant, and to pay the costs of prosecution. Harris filed a timely notice of appeal and submitted two assignments of error:

**{¶8}** "I. THE TRIAL COURT ERRED WHEN IT ACCEPTED A PLEA FROM APPELLANT THAT WAS NOT ENTERED KNOWINGLY, INTELLIGENTLY AND VOLUNTARILY."

**{¶9}** "II. APPELLANT WAS DENIED HIS RIGHTS TO DUE PROCESS AND OF ASSISTANCE OF COUNSEL AS GUARANTEED BY THE SIXTH AND FOURTEENTH AMENDMENTS OF THE UNITED STATES CONSTITUTION AND ARTICLE I SECTIONS 10 AND 16 OF THE OHIO CONSTITUTION, BECAUSE HIS TRIAL COUNSEL PROVIDED INEFFECTIVE ASSISTANCE."

## STANDARD OF REVIEW

**{¶10}** When reviewing a plea's compliance with Crim.R. 11(C), we apply a de novo standard of review. *State v. Nero*, 56 Ohio St.3d 106, 108-109, 564 N.E.2d 474 (1990); *State v. Lebron*, 8th Dist. Cuyahoga No. 108825, 2020-Ohio-1507, ¶ 9; *State v. Groves*, 5th Dist. Fairfield Nos. 2019 CA 00032, 2019 CA 00033, 2019-Ohio-5025, ¶ 7.

**{¶11}** A determination of whether a plea is knowing, intelligent, and voluntary is based upon a review of the record. *State v. Spates*, 64 Ohio St.3d 269, 272 (1992). If a criminal defendant claims that his plea was not knowingly, voluntarily, and intelligently made, the reviewing court must review the totality of the circumstances in order to determine whether or not the defendant's claim has merit. *State v. Nero,* 56 Ohio St.3d 106, 108 (1990).

**{¶12}** The court can look to the totality of the record to determine whether that defendant was meaningfully informed of the specific rights. *State v. Ballard*, 66 Ohio St.2d 473, 480-482, 423 N.E.2d 115 (1981).

**{¶13}** Furthermore, a defendant who challenges his guilty plea on the basis that it was not knowingly, intelligently, and voluntarily made must show a prejudicial effect. *Stewart, supra,* 51 Ohio St.2d at 93, 5 O.O.3d at 56, 364 N.E.2d at 1167; Crim.R. 52(A). The test is whether the plea would have otherwise been made. *Id. Nero,* supra at 108.

## ANALYSIS

## I.

**{¶14}** Harris opens his argument by claiming that the trial court erred because he did not review the facts and law with his trial counsel and his trial counsel did not advise the court that it reviewed the facts and law with him (Appellant's Brief, p. 5) and concludes by alleging " the trial court erred because [Harris] did not review the plea form in its entirety himself and his trial counsel admitted on the record that he did not review the plea form in its entirety with Appellant." (Appellant's Brief, p. 6).

**{¶15}** "When a defendant enters a plea in a criminal case, the plea must be made knowingly, intelligently, and voluntarily. Failure on any of those points renders

enforcement of the plea unconstitutional under both the United States Constitution and the Ohio Constitution." *State v. Engle,* 74 Ohio St.3d 525, 527, 660 N.E.2d 450 (1996).

**{¶16}** Crim.R. 11 governs rights upon plea. Subsection (C)(2) states the following:

(2) In felony cases the court may refuse to accept a plea of guilty or a plea of no contest, and shall not accept a plea of guilty or no contest without first addressing the defendant personally either in-person or by remote contemporaneous video in conformity with Crim.R. 43(A) and doing all of the following:

(a)     Determining that the defendant is making the plea voluntarily, with understanding of the nature of the charges and of the maximum penalty involved, and if applicable, that the defendant is not eligible for probation or for the imposition of community control sanctions at the sentencing hearing.

(b)     Informing the defendant of and determining that the defendant understands the effect of the plea of guilty or no contest, and that the court, upon acceptance of the plea, may proceed with judgment and sentence.

(c)     Informing the defendant and determining that the defendant understands that by the plea the defendant is waiving the rights to jury trial, to confront witnesses against him or her, to have compulsory process for obtaining witnesses in the defendant's favor, and to require the state to prove the defendant's guilt beyond a

reasonable doubt at a trial at which the defendant cannot be compelled to testify against himself or herself.

**{¶17}** The standard for a trial court's Crim.R. 11 non-constitutional notifications under (C)(2)(a) and (b) is substantial compliance; the standard for Crim.R. 11(C)(2)(c) constitutional notifications is strict compliance. *State v. Veney,* 120 Ohio St.3d 176, 2008-Ohio-5200, 897 N.E.2d 621.

**{¶18}** The constitutional rights are: (1) a jury trial; (2) confrontation of witnesses against him; (3) the compulsory process for obtaining witnesses in his favor; (4) that the state must prove the defendant's guilt beyond a reasonable doubt at trial; and (5) that the defendant cannot be compelled to testify against himself. *State v. Veney,* 120 Ohio St.3d 176, 2008-Ohio-5200, 897 N.E.2d 621, ¶ 19. If the trial court fails to strictly comply with these requirements, the defendant's plea is invalid. *Id.* at ¶ 31.

**{¶19}** The non-constitutional rights that the defendant must be informed of are: (1) the nature of the charges; (2) the maximum penalty involved, which includes, if applicable, an advisement on post-release control; (3) if applicable, that the defendant is not eligible for probation or the imposition of community control sanctions; and (4) that after entering a guilty plea or a no contest plea, the court may proceed directly to judgment and sentencing. Crim.R. 11(C)(2)(a)(b); *Veney*, supra at ¶ 10-13; *State v. Sarkozy*, 117 Ohio St.3d 86, 2008-Ohio-509, 423 N.E.2d 1224, ¶ 19-26 (post-release control is a non-constitutional advisement).

**{¶20}** In *State v. Nero,* 56 Ohio St.3d 106, 108, 564 N.E.2d 474 (1990), the Supreme Court of Ohio explained the following:

Substantial compliance means that under the totality of the circumstances the defendant subjectively understands the implications of his plea and the rights he is waiving. *State v. Stewart*, 51 Ohio St.2d 86, 364 N.E.2d 1163 (1977)], supra; State v. Carter (1979), 60 Ohio St.2d 34, 38, 14 O.O.3d 199, 201, 396 N.E.2d 757, 760, certiorari denied (1980), 445 U.S. 953, 100 S.Ct. 1605, 63 L.Ed.2d 789. Furthermore, a defendant who challenges his guilty plea on the basis that it was not knowingly, intelligently, and voluntarily made must show a prejudicial effect. *Stewart,* supra, 51 Ohio St.2d at 93, 5 O.O.3d at 56, 364 N.E.2d at 1167; Crim.R. 52(A). The test is whether the plea would have otherwise been made. *Id.*

**{¶21}** Harris concludes that his plea was not offered knowingly, intelligently and voluntarily, but that bare conclusion is insufficient to establish error and void the plea. Harris does not describe any prejudice he suffered as a result of the alleged error and he does not contend that he would have not entered a guilty plea had he fully understood the consequences. He relies on the decision in *State v. Black*, 10th Dist. Franklin No. 11AP-966, 2012-Ohio-3774, but the court in that case expressly identified the prejudice to Black: "We believe that these errors and omissions had a prejudicial effect on Black, he could not understand the nature of his plea nor was he aware of the maximum penalty." *Id.* at ¶ 18. Harris's only complaint is that he was not given the opportunity to read the plea agreement and that his attorney did not state to the court that he reviewed the law and the facts with him prior to the plea. And, while those facts are part of the analysis of the plea, they alone do not support Harris's conclusion that the plea was not offered voluntarily, intelligently and knowingly.

{¶22} We have reviewed the transcript and find that the trial court fully complied with the requirements of Rule 11, informed Harris of his rights and confirmed he understood he was waiving rights.  Harris apparently had some experience in plea agreements as his attorney disclosed that he was instructed to take certain actions because Harris had a negative experience offering a plea in a prior case. That information suggests that Harris may have had an incentive to be more attentive than many defendants regarding the details of his plea agreement.  And Harris confirmed that he had the opportunity to ask his attorney questions, was satisfied with his representation, and both he and his attorney agreed that they had reviewed the plea agreement in detail. Harris's counsel explained that he read the relevant portions of the plea agreement to Harris, and Harris has not complained that any specific omission resulted in confusion, misunderstanding or mistake that lead to a prejudicial impact and that he otherwise would not have entered a guilty plea.

{¶23} We have completed a review of the totality of the circumstances surrounding Harris's plea and conclude that the trial court complied with the requirements of Crim.R. 11 and that Harris understood the nature of the charges, his rights and the potential penalties.  He has offered no description of prejudice suffered as the result of any action of the court or his counsel and we cannot find evidence of prejudicial impact in the record or any evidence to support a conclusion that Harris would not have otherwise submitted a guilty plea.

{¶24} The first assignment of error is overruled.

**II.**

{¶25} In his second assignment of error, Harris contends that his counsel was ineffective because he did not provide Harris a copy of the plea form to review and did not read it to him in its entirety. The record confirms that Harris's counsel did not provide him the plea form and that Harris knew that his attorney had omitted review of those portions of the plea agreement that were not applicable.

{¶26} A claim of ineffective assistance of counsel requires a two-prong analysis. The first inquiry is whether counsel's performance fell below an objective standard of reasonable representation involving a substantial violation of any of defense counsel's essential duties to appellant. The second prong is whether the appellant was prejudiced by counsel's ineffectiveness. *Lockhart v. Fretwell* (1993), 506 U.S. 364, 113 S.Ct. 838, 122 L.Ed.2d 180; *Strickland v. Washington* (1984), 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674; *State v. Bradley* (1989), 42 Ohio St.3d 136, 538 N.E.2d 373.

{¶27} Harris offers only a conclusory statement that his counsel's failure to provide a copy of the plea agreement or read it to him in his entirety was a violation of counsel's essential duty and he has supplied no legal precedent in support of that conclusion. He has also failed to described how he was prejudiced by the actions of his counsel.

{¶28} The validity of this assignment of error is dependent upon our finding that Harris's first assignment of error had merit. As we have concluded that Harris's plea was given voluntarily, knowingly and intelligently we cannot find that the actions of his counsel, effective or ineffective, resulted in prejudice or that there was a reasonable probability that but for "counsel's unprofessional errors, the result of the proceeding would have been different." *State v. Bradley* (1989), 42 Ohio St.3d 136, 142, 538 N.E.2d 373. Harris's

failure to describe a prejudicial impact in his brief leads inexorably to the conclusion that this assignment of error had no merit.

**{¶29}** The second assignment of error is denied.

**{¶30}** The decision of the Stark County Court of Common Pleas is affirmed.

By: Baldwin, J.

Gwin, P.J. and

Hoffman, J. concur.