[Cite as *State v. Hammond*, 2024-Ohio-2511.]

COURT OF APPEALS
MUSKINGUM COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | |
|---|---|
| STATE OF OHIO | JUDGES:<br>Hon. William B. Hoffman, P.J. |
| laintiff-Appellee | Hon. John W. Wise, J.<br>Hon. Andrew J. King, J. |
| -vs- | |
| | Case No. CT2023-0092 |
| JORDAN HAMMOND | |
| Defendant-Appellant | O P I N I O N |


CHARACTER OF PROCEEDING:     Appeal from the Court of Common Pleas,
                             Case No. CR2023-0446


JUDGMENT:                    Affirmed


DATE OF JUDGMENT ENTRY:      June 28, 2024


APPEARANCES:

For Plaintiff-Appellee                For Defendant-Appellant

RONALD WELCH                          APRIL F. CAMPBELL
PROSECUTING ATTORNEY                  CAMPBELL LAW, LLC
MICHAEL HUGHES                        545 Metro Place South, Suite 100
ASSISTANT PROSECUTOR                  Dublin, Ohio  43017
27 North Fifth Street
Zanesville, Ohio  43701

*Wise, J.*

{¶1}    Defendant-Appellant Jordan L. Hammond appeals his convictions and sentence on three counts of disseminating harmful matter to a juvenile, following a guilty plea, in the Muskingum County Court of Common Pleas.

{¶2}    Plaintiff-Appellee, the state of Ohio, has not filed a brief in this matter.

*Facts and Procedural History*

{¶3}    The relevant facts and procedural history are as follows:

{¶4}    In September 2022, a fourteen-year-old girl reported to her step-mother that Appellant Jordan L. Hammond sent her pictures of his penis. The victim's stepmother, in turn, called the police. (Plea Tr. at 12).

{¶5}    On July 20, 2033, a Muskingum County Grand Jury indicted Appellant Jordan L. Hammond on three counts of disseminating harmful matter to a juvenile, in violation of R.C. §2907.31(A)(1), fifth-degree felonies.

{¶6}    At the time of these charges, Appellant was on felony probation in Franklin County. (Plea Tr. at 6).

{¶7}    Appellant initially entered pleas of not guilty.

{¶8}    On September 18, 2023, at a change of plea hearing, Appellant pled guilty to the offenses as indicted. Pursuant to a plea agreement, the parties agreed to jointly recommend an aggregate eighteen-month prison term. (Plea Tr. at 4).

{¶9}    During the plea hearing, the trial court entered a colloquy with Appellant, in which it explained what the potential penalties were, including the maximum penalties. (Plea Tr. 4-20). The court advised Appellant as to what rights he was giving up by

changing his pleas to guilty. *Id.* Appellant indicated that he understood what he was giving up, and what the potential penalties were, in pleading guilty. *Id.*

**{¶10}** Counsel for Appellant also advised the court that the plea form was accurate, that he reviewed the plea form with Appellant, and that Appellant signed the forms in front of him. (Plea Tr. at 4). He stated that he believed Appellant was entering his pleas knowingly, intelligently, and voluntarily. *Id.*

**{¶11}** In accepting Appellant's plea, the trial court informed Appellant that it was not required to follow the jointly recommended sentence. (Plea Tr. at 9-10).

**{¶12}** Initially Appellant wanted to waive his pre-sentence investigation report and be sentenced that day. (Plea Tr. at 12-13). However, after speaking with Appellant, the trial court decided it wanted to see the pre-sentence investigation report prior to sentencing. (Plea Tr. at 20).

**{¶13}** On October 30, 2023, at the sentencing hearing, the State recommended that Appellant serve the eighteen (18) month prison term, as agreed. (Sent. Tr. 4). Instead, the trial court imposed twelve (12) months on each charge, to be served consecutively, for an aggregate prison term of thirty-six (36) months. The trial court also imposed post-release control and gave Appellant 84 days jail time credit. (Sent. Tr. 4; 11/2/2023 Entry).

**{¶14}** During the sentencing hearing, the trial court referred to the pre-sentence investigation report. (Sent. Tr. at 6). It noted Appellant's record, which was not only extensive but included two prior prison sentences and two open warrants that Appellant had when he was charged on these new offenses. (Sent. Tr. 6-12). The trial court also noted that Appellant was on felony probation at the time as well. (Sent. Tr. at 6).

**{¶15}** Appellant now appeals.

*Proposed Assignment of Error*

**{¶16}** Counsel for Appellant has filed a Motion to Withdraw and a brief pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), indicating that the within appeal was wholly frivolous and setting forth one proposed assignment of error:

**{¶17}** "I. THE TRIAL COURT ERRED IN ACCEPTING HAMMOND'S GUILTY PLEAS UNDER CRIM.R. 11 AND ERRED IN SENTENCING HAMMOND."

**{¶18}** This Court issued a judgment entry notifying Appellant that his counsel filed an *Anders* brief and allowing Appellant to file a *pro se* brief. Appellant has not filed a *pro se* brief.

*Anders Law and Analysis*

**{¶19}** In *Anders*, the United States Supreme Court held, if after a conscientious examination of the record, a defendant's counsel concludes the case is wholly frivolous, he should so advise the court and request permission to withdraw. *Id.* Counsel may accompany his or her request with a brief identifying anything in the record that could arguably support the client's appeal. *Id.* Counsel also must: (1) furnish the client with a copy of the brief and request to withdraw; and, (2) allow the client sufficient time to raise any matters that the client chooses. *Id.*

**{¶20}** Once the defendant's counsel satisfies these requirements, the appellate court must fully examine the proceedings below to determine if any arguably meritorious issues exist. If the appellate court also determines that the appeal is wholly frivolous, it may grant counsel's request to withdraw and dismiss the appeal without violating

constitutional requirements, or may proceed to a decision on the merits if state law so requires. *Id.*

**{¶21}** By Judgment Entry filed March 14, 2024, this Court noted that counsel had filed an *Anders* brief and had indicated to the Court that he had served Appellant with the brief. Accordingly, this Court notified Appellant via Certified U.S. Mail that he "may file a pro se brief in support of the appeal within 60 days of the date of this entry."

**{¶22}** As stated above, Appellant has not filed a *pro se* brief in this matter.

**{¶23}** We find Appellant's counsel in this matter has adequately followed the procedures required by *Anders.*

**{¶24}** As Appellant did not submit a *pro se* brief and the state of Ohio did not file a response brief, this Court will review the proposed potential assignment of error and will undertake, pursuant to *Anders*, to fully examine the proceedings to decide if this appeal is indeed wholly frivolous

**I.**

**{¶25}** In the sole proposed assignment of error, counsel proposes that the trial court erred in accepting Appellant's guilty plea and erred in sentencing. We disagree.

*Guilty Plea*

**{¶26}** Crim.R. 11 requires guilty pleas to be made knowingly, intelligently, and voluntarily. Although literal compliance with Crim.R. 11 is preferred, the trial court need only "substantially comply" with the rule when dealing with the non-constitutional elements of Crim.R. 11(C). *State v. Ballard*, 66 Ohio St.2d 473, 475(1981), citing *State v. Stewart*, 51 Ohio St.2d 86(1977).

**{¶27}** The constitutional rights are: (1) a jury trial; (2) confrontation of witnesses against him; (3) the compulsory process for obtaining witnesses in his favor; (4) that the state must prove the defendant's guilt beyond a reasonable doubt at trial; and (5) that the defendant cannot be compelled to testify against himself. *State v. Veney*, 2008-Ohio-5200, ¶ 19. If the trial court fails to strictly comply with these requirements, the defendant's plea is invalid. *Id.* at ¶ 31.

**{¶28}** The non-constitutional rights that the defendant must be informed of are: (1) the nature of the charges; (2) the maximum penalty involved, which includes, if applicable, an advisement on post-release control; (3) if applicable, that the defendant is not eligible for probation or the imposition of community control sanctions; and (4) that after entering a guilty plea or a no contest plea, the court may proceed directly to judgment and sentencing. Crim.R. 11(C)(2)(a)(b); *Veney* at ¶ 10-13; *State v. Sarkozy*, 2008-Ohio-509, ¶ 19-26, (post-release control is a non-constitutional advisement).

**{¶29}** For the non-constitutional rights, the trial court must substantially comply with Crim.R. 11's mandates. *State v. Nero,* 56 Ohio St.3d 106, 108(1990). "Substantial compliance means that under the totality of the circumstances the defendant subjectively understands the implications of his plea and the rights he is waiving." *Veney,* 2008-Ohio-5200, at ¶15. Furthermore, a defendant who challenges his guilty plea on the basis that the advisement for the non-constitutional rights did not substantially comply with Crim.R. 11(C)(2)(a)(b) must also show a prejudicial effect, meaning the plea would not have been otherwise entered. *Veney* at ¶15; *State v. Stewart*, 51 Ohio St.2d 86, 93(1977).

**{¶30}** When reviewing a plea's compliance with Crim.R. 11(C), we apply a *de novo* standard of review. *State v. Nero,* 56 Ohio St.3d 106, 108-109 (1990); *State v. Lebron,*

2020-Ohio-1507, ¶9 (8th Dist.) *State v. Groves,* 2019 CA 00033, 2019-Ohio-5025, ¶7 (5th Dist.).

**{¶31}** Here, we find that the record reflects that Appellant's guilty plea was made knowingly, intelligently and voluntarily.

**{¶32}** Evidence of a written waiver form signed by the accused is strong proof that the waiver was valid. *State v. Clark*, 38 Ohio St.3d 252, 261 (1988); *see North Carolina v. Butler*, 441 U.S. 369, 374-375 (1979); *State v. Dennis*, 1997-Ohio-372. In the case at bar, we note a written plea of guilty form was signed by Appellant and his attorney and filed in the trial court. In addition, Appellant acknowledged to the trial judge that he read the plea forms, and he reviewed the plea forms with his attorney. (Plea T. 4-20). The plea agreement was read on the record. *Id.*  Appellant acknowledged that he understood the plea forms. *Id.*  The trial judge informed Appellant that he was not obligated to accept the joint sentencing recommendation. *Id.* Appellant further assured the trial judge that he was satisfied with his attorney. *Id.*

**{¶33}** The trial court explained to Appellant he had the right to a jury trial; the right to the confrontation of witnesses against him; that the state must prove the defendant's guilt beyond a reasonable doubt at trial; and that he cannot be compelled to testify against himself. (Plea Tr. 4-20). The judge also explained the maximum penalty involved, which included post-release control. *Id.*

**{¶34}** The record demonstrates the trial court carefully adhered to Criminal Rule 11, and strictly complied with all of the requirements of Criminal Rule 11. The trial judge conducted a complete and thorough colloquy. Appellant acknowledged he understood his rights, the charges, the plea agreement, the maximum penalties, and the specific

constitutional rights he was waving with the plea. The record further supports that the trial judge substantially complied with Crim.R. 11's mandates for non-constitutional rights.

**{¶35}**  The record supports a conclusion that the pleas were properly entered and accepted. The record in this case shows the trial court's compliance with Criminal Rule 11 and supports the trial court's determination that Appellant's pleas were knowingly, intelligently, and voluntarily made.

**{¶36}** Thus, after independently reviewing the record we find no arguably meritorious issues exist with respect to whether Appellant's guilty pleas were made knowingly, intelligently, and voluntarily.

*Sentence*

**{¶37}**  Here, the sentence imposed by the trial court was within the range permitted by law, and not contrary to law.

**{¶38}**  Before a trial court imposes consecutive sentences, it must make specific findings which are delineated in R.C. §2929.14(C)(4). Specifically, the trial court must find that "the consecutive sentence is necessary to protect the public from future crime or to punish the offender." *Id.* It must also find that "consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public." *Id.* Finally, the court must find at least one of the following:

> (a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.

(b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.

(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

**{¶39}** R.C. §2953.08(G)(2) does not allow an appellate court to reverse or modify a defendant's consecutive sentences using the principles and purposes of felony sentencing as set forth in R.C. 2929.11(A) and (B) and the seriousness and recidivism factors in R.C. 2929.12. *State v. Gwynne*, 2019-Ohio-4761, ¶ 13-18. ("*Gwynne II*"); *State v. Jones*, 2020-Ohio-6729, ¶ 39; *State v. Toles*, 2021-Ohio-3531, ¶ 10.

**{¶40}** Though "a trial court is required to make the findings mandated by 2929.14(C)(4) at the sentencing hearing and incorporate its findings into its sentencing entry, * * * it has no obligation to state reasons to support its findings. Nor is it required to give a talismanic incantation of the words of the statute, provided that the necessary findings can be found in the record and are incorporated into the sentencing entry." *State v. Bonnell,* 2014-Ohio-3177, ¶ 37.

**{¶41}** R.C. §2953.08(G) instructs appellate courts reviewing the imposition of consecutive sentences, as follows:

(2) The court hearing an appeal under [R.C. 2953.08(A), (B), or (C)] shall review the record, including the findings underlying the sentence or modification given by the sentencing court.

The appellate court may increase, reduce, or otherwise modify a sentence that is appealed under this section or may vacate the sentence and remand the matter to the sentencing court for resentencing. The appellate court's standard for review is not whether the sentencing court abused its discretion. The appellate court may take any action authorized by this division if it clearly and convincingly finds either of the following:

(a) That the record does not support the sentencing court's findings under [R.C. 2929.14(C)(4)];

(b) That the sentence is otherwise contrary to law.

**{¶42}** Upon review, we find that no arguably meritorious issues exist with respect to whether Appellant's sentence is contrary to law.

**{¶43}** A failure to make the findings required by R.C. §2929.14(C)(4) renders a consecutive sentence contrary to law. *Bonnell*, 2014-Ohio-3177, at ¶ 34. The findings required by R.C. §2929.14(C)(4) must be made at the sentencing hearing and included in the sentencing entry. *Id.* at the syllabus. However, a trial court's inadvertent failure to incorporate the statutory findings in the sentencing entry after properly making those findings at the sentencing hearing does not render the sentence contrary to law; rather, such a clerical mistake may be corrected by the court through a *nunc pro tunc* entry to reflect what actually occurred in open court. *Bonnell*, 2014-Ohio-3177, at ¶ 30.

**{¶44}** In this case, the record supports a conclusion that the trial court made all of the findings required by R.C. §2929.14(C)(4) at the time it imposed consecutive sentences.

**{¶45}** The trial court reviewed the pre-sentence investigation report. (Sent. Tr. at 6). The judge further found that Appellant committed multiple offenses and that the harm caused by two or more of the offenses was so great or unusual that no single prison term for any of the offenses adequately reflect the seriousness in this case. (Sent. Tr. at 13-14). The judge found that consecutive sentences are not disproportionate to the seriousness of the conduct and the danger posed by the public and that consecutive sentences are necessary to protect the public and punish Appellant. *Id.* In finding that consecutive sentences were warranted in Appellant's case, the trial court noted that Appellant committed these offenses while he was on felony probation and had two active warrants for his arrest. *Id.*

**{¶46}** Upon review, we find that the trial court's sentencing on the charges complies with applicable rules and sentencing statutes. The sentence was within the statutory sentencing range. We also find that the record in the case at bar supports the trial court's findings under R.C. §2929.14(C)(4). The trial court made the findings necessary for the discretionary imposition of consecutive sentences under R.C. §2929.14(C)(4), and those findings were not clearly and convincingly unsupported by the record, R.C. §2953.08(G)(2). *Jones* at ¶17.

**{¶47}** Thus, after independently reviewing the record we find no arguably meritorious issues exist with respect to whether Appellant's sentence was contrary to law.

{¶48} Accordingly, Appellant's proposed assignment of error is overruled.

*Conclusion*

{¶49} After independently reviewing the record, we agree with appellate counsel's conclusion that no arguably meritorious claims exist upon which to base an appeal. Hence, we find the appeal to be wholly frivolous under *Anders,* grant counsel's request to withdraw, and affirm the judgment of the Court of Common Pleas of Muskingum County, Ohio.

By: Wise, J.

Hoffman, P. J., and

King, J., concur.

JWW/kw 0626