[Cite as *State v. Israel*, 2024-Ohio-5071.]

COURT OF APPEALS
MUSKINGUM COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | |
|---|---|
| STATE OF OHIO | JUDGES:<br>Hon. Patricia A. Delaney, P.J. |
| Plaintiff-Appellee | Hon. John W. Wise, J.<br>Hon. Craig R. Baldwin, J. |
| -vs- | |
| | Case No. CT2024-0061 |
| BRIAN SHANE ISRAEL | |
| Defendant-Appellant | O P I N I O N |


CHARACTER OF PROCEEDING:    Criminal Appeal from the Court of Common
Pleas, Case No.  CR2024-0016


JUDGMENT:    Affirmed


DATE OF JUDGMENT ENTRY:    October 21, 2024


APPEARANCES:

For Plaintiff-Appellee                For Defendant-Appellant

JOSEPH PALMER                APRIL F. CAMPBELL
ASSISTANT PROSECUTOR            CAMPBELL LAW, LLC
27 North 5th Street                545 Metro Place South
#201                    Suite 100
Zanesville, Ohio  43701            Dublin, Ohio  43017

*Wise, J.*

{¶1}   Defendant-Appellant Brian S. Israel appeals his convictions and sentence on seven counts of pandering obscenity involving a minor and two counts of voyeurism, following a plea of guilty, in the Muskingum County Court of Common Pleas.

{¶2}   Plaintiff-Appellee, the state of Ohio, has not filed a brief in this matter.

*Facts and Procedural History*

{¶3}   The relevant facts and procedural history are as follows:

{¶4}   On January 10, 2024, a Muskingum County Grand Jury indicted Appellant Brian S. Israel on seven counts of Pandering Obscenity Involving a Minor, in violation of R.C. §2907.321(A)(1), all second-degree felonies; and two counts of Voyeurism, in violation of R.C. §2907.08(C), both fifth-degree felonies.

{¶5}   According to the facts adduced at Appellant's plea hearing, Google contacted the National Center for Missing and Exploited Children regarding suspected child pornography which had been uploaded through the user of Gmail account bisrael12@gmail.com. (Plea T. at 15).

{¶6}   That unit notified the Zanesville Police Department that the Gmail account was being used in the City of Zanesville. (Plea T. at 15). A search pursuant to a warrant for the location, which was Appellant's apartment, revealed seven different images of child obscenity, all downloaded on the same day in July of 2023. (Plea T. at 17).

{¶7}   The search to Appellant's apartment further revealed two more pictures of a juvenile female. These pictures were taken while the mother was changing the minor inside of Appellant's apartment. (Plea T. at 15-18).

**{¶8}** Appellant confessed to every offense. He ultimately chose to plead to the charges as contained in the indictment. (Sent. T. at 7).

**{¶9}** At the change of plea hearing, the trial court entered a colloquy with Appellant explaining what the potential penalties were, including the maximum penalties. (Plea T. at 5-8). Appellant told the trial court that he understood the potential penalties. Appellant also told the trial court that he understood what rights he was giving up by changing his pleas to guilty. *Id.* There was no jointly recommended sentence. The matter was set for sentencing at a later date.

**{¶10}** On April 15, 2024, at sentencing, the State asked for an aggregate seven-to-ten-year prison sentence. (Sent. T. at 6).

**{¶11}** Counsel for Appellant spoke on Appellant's behalf, explaining that while the offenses were serious, Appellant had no significant prior record. He also highlighted Israel's cooperation in confessing to every offense to which he pled. (Sent. T. at 6).

**{¶12}** The trial court asked Appellant if he had anything he would like to say. Appellant apologized for his offenses and the embarrassment these offenses caused. (Sent. T. at 8).

**{¶13}** The trial court explained it had reviewed Appellant's pre-sentencing investigation and noted Appellant's prior criminal history involving misdemeanor endangering children, as well as a domestic violence charge which was ultimately dismissed. (Sent. T. at 8-9).

**{¶14}** The trial court then sentenced Appellant as follows:

Count One: a stated minimum prison term of six (06) years; an indefinite prison term of nine (09) years;

Count Two: a stated prison term of six (06) years;

Count Three: a stated prison term of six (06) years;

Count Four: a stated prison term of six (06) years;

Count Five: a stated prison term of six (06) years;

Count Six: a stated prison term of six (06) years;

Count Seven: a stated prison term of six (06) years;

Count Eight: a stated prison term of twelve (12) months;

Count Nine: a stated prison term of twelve (12) months.

Provided however, Counts One through Seven shall be served concurrently with one another; Counts Eight and Nine shall be served concurrently to one another but consecutive to Counts One through Seven for an aggregate prison term of a minimum of seven (07) years and an indefinite prison term of ten (10) years.

**{¶15}** (4/16/24 Judgment Entry).

**{¶16}** Appellant now appeals.

*Proposed Assignment of Error*

**{¶17}** Counsel for Appellant has filed a Motion to Withdraw and a brief pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), indicating that the within appeal was wholly frivolous and setting forth one proposed assignment of error:

**{¶18}** "I. THE TRIAL COURT ERRED IN ACCEPTING ISRAEL'S GUILTY PLEAS UNDER CRIM.R. 11 AND ERRED IN SENTENCING ISRAEL."

**{¶19}** This Court issued a judgment entry notifying Appellant that his counsel filed an *Anders* brief and allowing Appellant to file a *pro se* brief.

**{¶20}** Appellant has filed a *pro se* brief but said brief does not comply with App.R. 16 and does not set forth any separate assignments of error, but rather asserts only that he believes that during sentencing the trial court had him confused with a different defendant.

*Anders Law and Analysis*

**{¶21}** In *Anders*, the United States Supreme Court held, if after a conscientious examination of the record, a defendant's counsel concludes the case is wholly frivolous, he should so advise the court and request permission to withdraw. *Id.* Counsel may accompany his or her request with a brief identifying anything in the record that could arguably support the client's appeal. *Id.* Counsel also must: (1) furnish the client with a copy of the brief and request to withdraw; and, (2) allow the client sufficient time to raise any matters that the client chooses. *Id.*

**{¶22}** Once the defendant's counsel satisfies these requirements, the appellate court must fully examine the proceedings below to determine if any arguably meritorious issues exist. If the appellate court also determines that the appeal is wholly frivolous, it may grant counsel's request to withdraw and dismiss the appeal without violating constitutional requirements, or may proceed to a decision on the merits if state law so requires. *Id.*

**{¶23}** By Judgment Entry filed July 17, 2024, this Court noted that counsel had filed an *Anders* brief and had indicated to the Court that she had served Appellant with

the brief.  Accordingly, this Court notified Appellant via Certified U.S. Mail that he "may file a *pro se* brief in support of the appeal within 60 days of the date of this entry."

**{¶24}** As stated above, Appellant has filed a *pro se* brief in this matter. Said "brief" is a one-page, handwritten document which does not comply with App.R. 16.

**{¶25}** We find Appellant's counsel in this matter has adequately followed the procedures required by *Anders.*

**{¶26}** As Appellant has not submitted a *pro se* brief which complies with App.R. 16, and the state of Ohio did not file a response brief, this Court will review the proposed potential assignment of error and will undertake, pursuant to *Anders*, to fully examine the proceedings to decide if this appeal is indeed wholly frivolous

**I.**

**{¶27}** In the sole proposed assignment of error, counsel proposes that the trial court erred in accepting Appellant's guilty plea and erred in sentencing. We disagree.

*Guilty Plea*

**{¶28}** Crim.R. 11 requires guilty pleas to be made knowingly, intelligently, and voluntarily. Although literal compliance with Crim.R. 11 is preferred, the trial court need only "substantially comply" with the rule when dealing with the non-constitutional elements of Crim.R. 11(C). *State v. Ballard*, 66 Ohio St.2d 473, 475(1981), citing *State v. Stewart*, 51 Ohio St.2d 86(1977).

**{¶29}** The constitutional rights are: (1) a jury trial; (2) confrontation of witnesses against him; (3) the compulsory process for obtaining witnesses in his favor; (4) that the state must prove the defendant's guilt beyond a reasonable doubt at trial; and (5) that the defendant cannot be compelled to testify against himself. *State v. Veney*, 2008-Ohio-

5200, ¶ 19. If the trial court fails to strictly comply with these requirements, the defendant's plea is invalid. Id. at ¶ 31.

**{¶30}** The non-constitutional rights that the defendant must be informed of are: (1) the nature of the charges; (2) the maximum penalty involved, which includes, if applicable, an advisement on post-release control; (3) if applicable, that the defendant is not eligible for probation or the imposition of community control sanctions; and (4) that after entering a guilty plea or a no contest plea, the court may proceed directly to judgment and sentencing. Crim.R. 11(C)(2)(a)(b); *Veney* at ¶ 10-13; *State v. Sarkozy*, 2008-Ohio-509, ¶ 19-26, (post-release control is a non-constitutional advisement).

**{¶31}** For the non-constitutional rights, the trial court must substantially comply with Crim.R. 11's mandates. *State v. Nero,* 56 Ohio St.3d 106, 108(1990). "Substantial compliance means that under the totality of the circumstances the defendant subjectively understands the implications of his plea and the rights he is waiving." *Veney,* 2008-Ohio-5200, at ¶15. Furthermore, a defendant who challenges his guilty plea on the basis that the advisement for the non-constitutional rights did not substantially comply with Crim.R. 11(C)(2)(a)(b) must also show a prejudicial effect, meaning the plea would not have been otherwise entered. *Veney* at ¶15; *State v. Stewart*, 51 Ohio St.2d 86, 93(1977).

**{¶32}** When reviewing a plea's compliance with Crim.R. 11(C), we apply a *de novo* standard of review. *State v. Nero,* 56 Ohio St.3d 106, 108-109 (1990); *State v. Lebron,* 2020-Ohio-1507, ¶9 (8th Dist.) *State v. Groves,* 2019 CA 00033, 2019-Ohio-5025, ¶ 7 (5th Dist.).

**{¶33}** Here, we find that the record reflects that Appellant's guilty plea was made knowingly, intelligently and voluntarily.

**{¶34}** Evidence of a written waiver form signed by the accused is strong proof that the waiver was valid. *State v. Clark*, 38 Ohio St.3d 252, 261 (1988); *see North Carolina v. Butler*, 441 U.S. 369, 374-375 (1979); *State v. Dennis*, 1997-Ohio-372. In the case at bar, we note a written plea of guilty form was signed by Appellant and his attorney, and filed in the trial court. In addition, both Appellant and his counsel acknowledged to the trial judge that Appellant read the plea forms, and he reviewed the plea forms with his attorney. (Plea T. 4-5). The plea agreement was read on the record. (Plea T. at 5-8). Appellant acknowledged that he understood the plea forms. (Plea T. at 8). Appellant further assured the trial judge that he was satisfied with his attorney. (Plea T. at 10).

**{¶35}** The trial judge informed Appellant he had the right to a jury trial, the right to the confrontation of witnesses against him; that the state must prove the defendant's guilt beyond a reasonable doubt at trial; and that he cannot be compelled to testify against himself. (Plea T. at 12-14). The judge also explained the maximum potential penalties involved, which included post-release control. (Plea T. at 8-10. Appellant acknowledged he understood the potential penalties and the rights he was giving up by entering pleas of guilty. (Plea T. at 10-14).

**{¶36}** The record demonstrates the trial court carefully adhered to Criminal Rule 11, and strictly complied with all of the requirements of Criminal Rule 11. The trial judge conducted a complete and thorough colloquy. Appellant acknowledged he understood his rights, the charges, the plea agreement, the maximum penalties, and the specific constitutional rights he was waiving with the plea. The record further supports that the trial judge substantially complied with Crim.R. 11's mandates for non-constitutional rights.

**{¶37}** The record supports a conclusion that the pleas were properly entered and accepted. The record in this case shows the trial court's compliance with Criminal Rule 11, and supports the trial court's determination that Appellant's pleas were knowingly, intelligently, and voluntarily made.

**{¶38}** Thus, after independently reviewing the record we find no arguably meritorious issues exist with respect to whether Appellant's guilty pleas were made knowingly, intelligently, and voluntarily.

*Sentence*

**{¶39}** Here, the sentence imposed by the trial court was within the range permitted by law, and not contrary to law.

**{¶40}** Before a trial court imposes consecutive sentences, it must make specific findings which are delineated in R.C. §2929.14(C)(4). Specifically, the trial court must find that "the consecutive service is necessary to protect the public from future crime or to punish the offender." *Id.* It must also find that "consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public." *Id.* Finally, the court must find at least one of the following:

(a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.

(b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single

prison term for any of the offenses committed as part of any of the courses

of conduct adequately reflects the seriousness of the offender's conduct.

(c) The offender's history of criminal conduct demonstrates that

consecutive sentences are necessary to protect the public from future crime

by the offender.

**{¶41}** R.C. §2953.08(G)(2) does not allow an appellate court to reverse or modify a defendant's consecutive sentences using the principles and purposes of felony sentencing as set forth in R.C. 2929.11(A) and (B) and the seriousness and recidivism factors in R.C. §2929.12. *State v. Gwynne*, 2019-Ohio-4761, ¶13-18. ("*Gwynne II*"); *State v. Jones*, 2020-Ohio-6729, ¶39; *State v. Toles*, 2021-Ohio-3531, ¶10.

**{¶42}** Though "a trial court is required to make the findings mandated by 2929.14(C)(4) at the sentencing hearing and incorporate its findings into its sentencing entry, * * * it has no obligation to state reasons to support its findings. Nor is it required to give a talismanic incantation of the words of the statute, provided that the necessary findings can be found in the record and are incorporated into the sentencing entry." *State v. Bonnell,* 2014-Ohio-3177, ¶ 37.

**{¶43}** R.C. §2953.08(G) instructs appellate courts reviewing the imposition of consecutive sentences, as follows:

(2) The court hearing an appeal under [R.C. 2953.08(A), (B), or (C)]

shall review the record, including the findings underlying the sentence or

modification given by the sentencing court.

The appellate court may increase, reduce, or otherwise modify a

sentence that is appealed under this section or may vacate the sentence

and remand the matter to the sentencing court for resentencing. The appellate court's standard for review is not whether the sentencing court abused its discretion. The appellate court may take any action authorized by this division if it clearly and convincingly finds either of the following:

(a) That the record does not support the sentencing court's findings under [R.C. 2929.14(C)(4)];

(b) That the sentence is otherwise contrary to law.

**{¶44}** Upon review, we find that no arguably meritorious issues exist with respect to whether Appellant's sentence is contrary to law.

**{¶45}** A failure to make the findings required by R.C. §2929.14(C)(4) renders a consecutive sentence contrary to law. *Bonnell*, 2014-Ohio-3177, at ¶ 34. The findings required by R.C. §2929.14(C)(4) must be made at the sentencing hearing and included in the sentencing entry. *Id.* at the syllabus. However, a trial court's inadvertent failure to incorporate the statutory findings in the sentencing entry after properly making those findings at the sentencing hearing does not render the sentence contrary to law; rather, such a clerical mistake may be corrected by the court through a *nunc pro tunc* entry to reflect what actually occurred in open court. *Bonnell*, 2014-Ohio-3177, at ¶ 30.

**{¶46}** In this case, the record supports a conclusion that the trial court made all of the findings required by R.C. §2929.14(C)(4) at the time it imposed consecutive sentences.

**{¶47}** The trial court reviewed the pre-sentence investigation report. (Sent. T. at 8). The trial court heard Appellant's allocution. *Id.* The judge further found that Appellant committed multiple offenses and that the harm caused by two or more of the offenses

was so great or unusual that no single prison term for any of the offenses adequately reflect the seriousness in this case. (Sent. T. at 9). The judge found that consecutive sentences are not disproportionate to the seriousness of the conduct and the danger posed by the public and that consecutive sentences are necessary to protect the public and punish Appellant. *Id.* In finding that consecutive sentences were warranted in Appellant's case, the trial court noted that Appellant had a prior offense for misdemeanor child endangering. (Sent. T. at 8).

**{¶48}** Upon review, we find that the trial court's sentencing on the charges complies with applicable rules and sentencing statutes. The sentence was within the statutory sentencing range. We also find that the record in the case at bar supports the trial court's findings under R.C. §2929.14(C)(4). The trial court made the findings necessary for the discretionary imposition of consecutive sentences under R.C. §2929.14(C)(4), and those findings were not clearly and convincingly unsupported by the record, R.C. §2953.08(G)(2). *Jones* at ¶17.

**{¶49}** Thus, after independently reviewing the record we find no arguably meritorious issues exist with respect to whether Appellant's sentence was contrary to law.

**{¶50}** Accordingly, Appellant's proposed assignment of error is overruled.

*Conclusion*

**{¶51}** After independently reviewing the record, we agree with appellate counsel's conclusion that no arguably meritorious claims exist upon which to base an appeal. Hence, we find the appeal to be wholly frivolous under *Anders,* grant counsel's request to withdraw, and affirm the judgment of the Muskingum County Court of Common Pleas.


By: Wise, J.

Delaney, P. J., and

Baldwin, J., concur.


JWW/kw 1017