[Cite as *State v. Groves*, 2019-Ohio-5025.]

COURT OF APPEALS
FAIRFIELD COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO, | : | JUDGES: |
| | : | Hon. W. Scott Gwin, P.J. |
| Plaintiff - Appellee | : | Hon. Craig R. Baldwin, J. |
| | : | Hon. Earle E. Wise, J. |
| -vs- | : | |
| | : | |
| ZAKARY GROVES, | : | Case Nos. 2019 CA 00032 |
| | : | 2019 CA 00033 |
| | : | |
| Defendant - Appellant | : | O P I N I O N |

CHARACTER OF PROCEEDING:     Appeal from the Fairfield County
                            Municipal Court, Case No. 19-CRB-
                            703

JUDGMENT:                   Affirmed

DATE OF JUDGMENT:           December 5, 2019

APPEARANCES:

For Plaintiff-Appellee                  For Defendant-Appellant

MITCHELL R. HARDEN                      NICHOLAS FAGNANO
City of Lancaster Law Director &        Burkett & Sanderson, Inc.
Prosecutor's Office                     738 East Main Street
Assistant City Prosecutor               Lancaster, Ohio 43130
136 W. Main Street
Lancaster, Ohio 43130

*Baldwin, J.*

**{¶1}** Zakary Groves appeals the decision of the Fairfield County Municipal Court accepting his plea of guilty contending that he did not enter the plea knowingly, intelligently and voluntarily. Appellee is the State of Ohio.

## STATEMENT OF FACTS AND THE CASE

**{¶2}** The facts leading up to the charges filed against Appellant are not pertinent to the resolution of the Appeal and are therefore omitted from this opinion.

**{¶3}** Appellant was initially charged with a lengthy list of offenses in different cases. The charges included one count of Falsification (R.C. 2921.13(A)(3)), two counts of Criminal Trespass (R.C. 2911.21(A)(1) and (A)(3) respectively), Criminal Damaging (R.C. 2909.06(A)(1)), Criminal Trespass (R.C. 2911.21(A)(4)), Aggravated Menacing (R.C. 2903.21), one count of Aggravated Trespass (R.C. 2911.211(A)), one count of Criminal Damaging (R.C. 2909.06(A)(I)), and one count of Menacing (R.C. 2903.22). He entered a plea of not guilty to all charges and subsequently changed his plea to guilty to one count of Aggravated Trespass and one count of Criminal Trespass with the balance of the charges dismissed as part of a plea agreement.

**{¶4}** At the sentencing hearing, the trial court reviewed the change of plea form and questioned Appellant regarding his understanding of the rights he was waiving by entering his guilty plea. Appellant engaged in an exchange with the trial court and he was represented by competent counsel, who confirmed that he had advised Appellant of the consequences of a guilty plea.

{¶5}   Appellant's initial attempt to appeal was dismissed as being time barred. He filed a motion for leave to file a delayed appeal, Appellee did not object, and we granted his request.  He then filed an appeal with a sole assignment of error:

{¶6}   "I. THE TRIAL COURT COMMITTED HARMFUL ERROR IN ACCEPTING THE GUILTY PLEA OF THE DEFENDANT-APPELLANT."

## STANDARD OF REVIEW

{¶7}   A determination of whether a plea is knowing, intelligent, and voluntary is based upon a review of the record. *State v. Spates,* 64 Ohio St.3d 269, 272 (1992). If a criminal defendant claims that his plea was not knowingly, voluntarily, and intelligently made, the reviewing court must review the totality of the circumstances in order to determine whether or not the defendant's claim has merit. *State v. Nero,* 56 Ohio St.3d 106, 108 (1990).

## ANALYSIS

{¶8}   Appellant admits "In the instant case, it is accepted that the trial court reviewed with Mr. Groves the basic constitutional rights he was surrendering through his plea of guilty. It is also accepted that Mr. Groves acknowledged that he knew and understood those rights." (Appellant's Brief, p. 5). Despite these admissions, Appellant contends that the proceedings were confusing because Appellant was scheduled for a bond hearing but instead changed his plea. He argues that the trial court was legally and morally obligated to insure that Appellant was acting with a full understanding of the nature of the proceedings.

{¶9}   Appellant argues conclusions with no factual support.  The record contains the interaction among the trial court, Appellant, Appellant's counsel and the Appellee's

counsel, we can find no suggestion of any confusion and Appellant does not direct us to any evidence of misunderstanding in the record.  And, despite the Appellants position that the Court had an obligation to take further action to insure that the change of plea was made knowingly, intelligently and voluntarily, he offers us no legal support for that obligation nor any practical suggestion as to what more was to be done.   Appellant's reference to *State v. Montgomery,* 148 Ohio St.3d 347, 2016-Ohio-5487, 71 N.E.3d 180 (2016) is inapposite as that case addressed the application of Crim.R. 11(C)(2) to a plea to charges of murder, domestic violence, and aggravated murder with capital specifications.  The case before us involves petty offenses and the application of Crim.R. 11(E).

{¶10} "In misdemeanor cases involving petty offenses the court may refuse to accept a plea of guilty or no contest, and shall not accept such pleas without first informing the defendant of the effect of the plea of guilty, no contest, and not guilty." (Crim.R. 11(E) "Petty offense" is defined as "a misdemeanor other than serious offense". Crim.R. 2(D). In turn, Crim.R. 2(C) states that a serious offense "means any felony, and any misdemeanor for which the penalty prescribed by law includes confinement for more than six months."

{¶11} In the case sub judice, Appellant was charged with Aggravated Trespass and Criminal Trespass, a first degree and third degree misdemeanor. The maximum penalty the trial court could impose upon Appellant was a period of imprisonment of "not more than one hundred eighty days". R.C. 2929.24. As such, Appellant was convicted of petty offenses.

**{¶12}** The trial court did inform Appellant of the "effect" of his plea as required by Crim.R. 11(E). The court reviewed the plea agreement signed by Appellant and witnessed by his counsel[1] and described the sentence as recommended by the parties. The trial court also inquired: "Do you understand all the rights that you're waiving by entering a plea of guilty to the charge of Aggravated Trespass and Criminal Trespass?" and Appellant responded "Yes, Your Honor" and then confirmed that he wanted to proceed with the hearing. Appellant's trial counsel also confirmed that he advised Appellant of the consequences of a guilty plea.

**{¶13}** Further, even if we would assume, arguendo, that the trial court erred, there is no evidence of prejudicial effect as Appellant never asserted his innocence during the plea hearing and, in that context, "a defendant who has entered a guilty plea without asserting actual innocence is presumed to understand that he has completely admitted his guilt." *State v. Griggs*, 103 Ohio St.3d 85, 2004-Ohio-4415, 814 N.E.2d 51, ¶ 19 (2004).

**{¶14}** Appellant's admission that the trial court reviewed the basic constitutional rights he was surrendering through his plea of guilty and his acknowledgment that he knew and understood those rights, combined with the material in the record, leads this court to hold that the trial court did not err in accepting Appellant's plea of guilty.

**{¶15}** The Appellant's assignment of error is overruled.

---

[1] The change of plea form was described in the transcript, but was not part of the record. Appellee attached a copy of a blank form to its brief, but as it was not part of the record in the case below and the record was not supplemented pursuant to Appellate Rules, we cannot consider the document submitted by Appellee.

**{¶16}** The decision of the Fairfield County Municipal Court is affirmed.

By: Baldwin, J.

Gwin, P.J. and

Wise, Earle, J. concur.