[Cite as *State v. Fenstermaker*, 2022-Ohio-1540.]

COURT OF APPEALS
DELAWARE COUNTY, OHIO
FIFTH APPELLATE DISTRICT

|                          |   |                              |
|--------------------------|---|------------------------------|
|                          | : | **JUDGES:**                  |
| STATE OF OHIO            | : | Hon. Earle E. Wise, P.J.     |
|                          | : | Hon. W. Scott Gwin, J.       |
| Plaintiff-Appellee       | : | Hon. William B. Hoffman, J.  |
|                          | : |                              |
| -vs-                     | : |                              |
|                          | : | Case Nos.     21CAA090044    |
| TONY FENSTERMAKER        | : |               21CAA090045    |
|                          | : |                              |
| Defendant-Appellant      | : |                              |
|                          | : | <u>OPINION</u>               |

CHARACTER OF PROCEEDING:     Criminal appeal from the Delaware County
Court of Common Pleas, Case Nos. 21CRI
120772 & CRI 031076

JUDGMENT:     Affirmed in part; Reversed in part & Remanded
in part

DATE OF JUDGMENT ENTRY:     May 6, 2022

APPEARANCES:

For Plaintiff-Appellee
MELISSA A. SCHIFFEL
Delaware Prosecutor
BY: JOEL C. WALKER
145 North Union Street, 3rd Floor
Delaware, OH  43015

For Defendant-Appellant
CHRISTOPHER S. MAHER
The Bradley Building
1220 West 6th Street, Ste. 303
Cleveland, OH  44113

*Gwin, J.,*

{¶1}    Defendant-appellant, Tony Fenstermaker ["Fenstermaker"], appeals from his convictions in the Delaware County Court of Common Pleas after pleading guilty to four counts of Pandering Sexually Oriented Material Involving a Minor, and two counts of Gross Sexual Imposition in Case No. 20 CRI 12 0772[1] and one count of Having Weapons While Under a Disability in Case No. 21 CRI 03 0176[2].

*Facts and Procedural History*

{¶2}    On December 10, 2020 Fenstermaker was indicted for seven counts of Pandering Sexually Oriented Matter Involving a Minor, felonies of the second degree, and two counts Gross Sexual Imposition, felonies of the fourth degree, in case number 20 CRI 12 0772.

{¶3}    On March 26 2021, Fenstermaker was indicted for three counts of Having Weapons Under Disability in Case No. 21 CRI 03 0176.

{¶4}    The parties subsequently reached a resolution on both cases and a plea hearing was set for June 29, 2021.  A visiting judge presided over the June 29, 2021 hearing.  A Crim.R.11(F) plea agreement was signed by Fenstermaker and his attorney in each case on June 28, 2021.  The agreements were filed in each case on June 30, 2021.

{¶5}    On June 29, 2021, the plea hearing began with the 20 CRI 12 0772 case. Pursuant to the plea agreement, the state dismissed counts 5, 6, and 7 of the Indictment. Plea T., June 29, 2021 at 6.  The Court then proceeded,

---

[1] Fifth District Delaware No. 21 CAA 09 0044
[2] Fifth District Delaware No. 21 CAA 09 0045

THE COURT: Okay. So, Mr. Fenstermaker, are you voluntarily pleading guilty to Counts 1 through 4, the pandering charges, second degree felonies, and Counts 8 and 9, gross sexual imposition, fourth degree felonies? Are you voluntarily pleading guilty to those charges?

THE DEFENDANT: Yes, Your Honor.

THE COURT: Are you aware that when you enter a guilty plea to these charges, you allow the Court to find you guilty and you give up a number of constitutional rights?

You give up the right to have a jury trial on these charges. At that trial you'd have a right to confront and cross-examine anyone who testifies against you.

You'd have a right to issue subpoenas to get witnesses here to testify on your behalf.

You'd have the right to require the State to prove your guilt beyond a reasonable doubt.

You'd have the right to remain silent throughout the trial.

And you would have the right to appeal if any Court rulings or jury verdicts or Court verdicts went against you in a trial.

Are you voluntarily giving up those rights with regard to these four second degree felonies of pandering and these two fourth degree felonies of gross sexual imposition?

THE DEFENDANT: Yes, Your Honor.

Plea T., June 29, 2021 at 6-7. The trial court continued with the colloquy in compliance with Crim.R. 11(C)(2)(a) and (b) by informing Fenstermaker of the nature of the charges against him, the maximum penalties involved, his eligibility for probation, and the required sex offender registration associated with the convictions. Id. at 7-8. Fenstermaker acknowledged he understood. Id. The trial court inquired if any promises or threats were made to Fenstermaker to obtain his plea. Id. at 8. Fenstermaker answered in the negative. Id. The trial court further inquired if the Fenstermaker understood a guilty plea is an admission to the truth of the charges against him. Id. Fenstermaker again confirmed he understood. Id. The trial court further reviewed the Tier I sexual classification registration and reporting requirements with Fenstermaker. Plea T. June 29, 2021 at 8-9. Fenstermaker informed the trial judge that he had been advised and understood the sexual offender classification and reporting requirements. Id. at 9.

{¶6} The trial court then requested the state provide a statement of facts concerning the 20 CRI 12 0772 case. During this recitation, some confusion arose between the parties. The state insisted that Fenstermaker had touched the "vagina" of the victim; the defenses preferred the state use the term "erogenous zone." Plea T. June 29, 2021 at 10-19. The trial judge and counsel then entered into a discussion wherein all parties agreed the distinction would have no effect on the plea agreement. Id. at 11, 13, 14. At the time, the state was unwilling to amend its statement of facts. The parties agreed to continue the hearing for Fenstermaker to review discovery previously restricted to counsel only. Id. at 20-21. The plea was continued to the next day, June 30, 2021.

{¶7} The parties returned the next day on June 30, 2021 to complete the plea. The trial court announced the cases and then proceeded to advise Fenstermaker of the

maximum penalties and fines with respect to the 20 CRI 12 0772 case. The trial court further informed Fenstermaker of the mandatory sex offender registration. The trial court then advised Fenstermaker of the potential for post-release control and the consequences for violating this supervision. Fenstermaker confirmed he understood. The state then recited the statement of facts, changing its previous language to include the touching of "multiple erogenous zones" rather than the touching of breasts and vagina. No changes were made to the plea agreement. The trial court again inquired if the Fenstermaker was pleading voluntarily, and then Fenstermaker responded in the affirmative. The trial court also inquired if any promises or threats were made to obtain Fenstermaker's plea. Fenstermaker responded in the negative. The trial court then held the following colloquy with Fenstermaker:

> THE COURT: Okay. Thank you. Do you admit that you committed the crimes of sexual -- of pandering sexually oriented material involving a minor as alleged in Counts 1, 2, 3, and 4? Do you admit that you committed those crimes?
>
> THE DEFENDANT: Yes. Yes, Your Honor.
>
> THE COURT: And do you admit that you committed the crime of gross sexual imposition as alleged in Counts 8 and 9?
>
> THE DEFENDANT: Yes, Your Honor.
>
> THE COURT: Okay. Do you understand the nature of the charges and the possible defenses that you might have?
>
> THE DEFENDANT: I do, Your Honor.

THE COURT: All right. Are you satisfied with your attorney's advice and confidence?

THE DEFENDANT: Yes, Your Honor.

THE COURT: And are you under -currently under the influence of any alcohol or drugs?

THE DEFENDANT: No, Your Honor.

THE COURT: Okay. Then I will accept the -- the pleas and find Mr. Fenstermaker guilty of pandering sexually oriented material involving a minor, second degree felonies as alleged in Counts 1, 2, 3, and 4. I'll enter nolle prosequi as to Counts 5, 6, and 7. And I will find the defendant guilty of Counts 8 and 9, gross sexual imposition.

Plea T. June 30, 2021 at 8-9. After accepting Fenstermaker's pleas in case number 20 CRI 12 0772, the following exchange took place,

MR. WALKER: Your Honor, I don't know if you still intend to do this later - - I don't mean to rush you - - but we still need to do the plea in the second of the two cases, in 0176.

THE COURT: I'm sorry. I couldn't hear you very well. Would you- -

MR. WALKER: Your Honor, we still need to complete the plea in 21CR 03 0176. I'm sorry if you had already planned to do that. I just wanted to remind the Court.

MR. KOFFEL: There's a weapons under disability, a second indictment, Your Honor. Probation did a home visit, found some firearms.

THE COURT: Okay.

MR. HARRIS: Do you have that one?

THE COURT: I probably have it here.

T. June 30, 2021 at 9.  The trial court advised Fenstermaker of the maximum penalties and fines.  Further, pursuant to the plea agreement the state agreed to dismiss Count 2 and Count 3 of the Indictment.  The following exchange the took place,

THE COURT: Do you - - do you admit that you committed the crime

of having weapons under disability as charged in - -

THE DEFENDANT: Yes, Your Honor.

T. June 30, 2021 at 11.  The trial court advised Fenstermaker of the potential for post-release control and the consequences for violating this supervision.  The trial court also inquired if any promises or threats were made to obtain Fenstermaker's plea. Fenstermaker responded in the negative.  After a rendition of the facts pertaining to Case Number 21 CRI 03 0176, the trial court accepted Fenstermaker's plea and found him guilty.  T. June 30, 2021 at 13.

{¶8}  The sentencing hearing took place on August 9, 2021 and the court imposed an aggregate 8 year prison term.  The sentencing entry was filed August 10, 2021.

{¶9}  On October 6, 2021, Fenstermaker filed motions to Stay Execution of Sentence and Bond Pending Appeal in the trial court in both case numbers.  Both motions were summarily denied on October 11, 2021.  Fenstermaker filed similar motions in the appellate cases on October 18, 2021.  This Court denied the motions on October 27, 2021.

*Assignments of Error*

**{¶10}** Fenstermaker raises two Assignments of Error,

"I. APPELLANT'S PLEA COLLOQUY IS INVALID AND VIOLATES DUE PROCESS OF LAW BECAUSE THE TRIAL COURT FAILED TO STRICTLY COMPLY WITH CRIM. R. 11.

"II. THE TRIAL COURT'S FINDINGS OF GUILT AND THE SENTENCES ARE VOID BECAUSE MR. FENSTERMAKER NEVER ENTERED A PLEA OF GUILTY OR NOLO CONTENDERE."

### I. & II.

**{¶11}** In his First Assignment of Error, Fenstermaker argues that the trial court did not strictly comply with the constitutional requirements of Crim.R. 11(C)(2)(b) during the plea colloquy.

**{¶12}** In his Second Assignment of Error Fenstermaker argues that he never formally entered a plea of "guilty" on the record.

### Standard of Review

**{¶13}** Crim. R. 11 requires guilty pleas to be made knowingly, intelligently and voluntarily. Although literal compliance with Crim. R. 11 is preferred, the trial court need only "substantially comply" with the rule when dealing with the non-constitutional elements of Crim.R. 11(C). *State v. Ballard*, 66 Ohio St.2d 473, 475, 423 N.E.2d 115(1981), *citing State v. Stewart*, 51 Ohio St.2d 86, 364 N.E.2d 1163(1977).

**{¶14}** The constitutional rights are: (1) a jury trial; (2) confrontation of witnesses against him; (3) the compulsory process for obtaining witnesses in his favor; (4) that the state must prove the defendant's guilt beyond a reasonable doubt at trial; and (5) that the

defendant cannot be compelled to testify against himself. *State v. Veney*, 120 Ohio St.3d 176, 2008-Ohio-5200, 897 N.E.2d 621, ¶ 19. If the trial court fails to strictly comply with these requirements, the defendant's plea is invalid. Id. at ¶ 31.

{¶15} The non-constitutional rights that the defendant must be informed of are: (1) the nature of the charges; (2) the maximum penalty involved, which includes, if applicable, an advisement on post-release control; (3) if applicable, that the defendant is not eligible for probation or the imposition of community control sanctions; and (4) that after entering a guilty plea or a no contest plea, the court may proceed directly to judgment and sentencing. Crim.R. 11(C)(2)(a)(b); *Veney* at ¶ 10-13; *State v. Sarkozy*, 117 Ohio St.3d 86, 2008-Ohio-509, 423 N.E.2d 1224, ¶ 19-26, (postrelease control is a non-constitutional advisement).

{¶16} For the non-constitutional rights, the trial court must substantially comply with Crim.R. 11's mandates. *State v. Nero,* 56 Ohio St.3d 106, 108, 564 N.E.2d 474 (1990). "Substantial compliance means that under the totality of the circumstances the defendant subjectively understands the implications of his plea and the rights he is waiving." *Veney* at ¶ 15. Furthermore, a defendant who challenges his guilty plea on the basis that the advisement for the non-constitutional rights did not substantially comply with Crim.R. 11(C)(2)(a)(b) must also show a prejudicial effect, meaning the plea would not have been otherwise entered. *Veney* at ¶ 15; *State v. Stewart*, 51 Ohio St.2d 86, 93, 364 N.E.2d 1163(1977).

{¶17} When reviewing a plea's compliance with Crim.R. 11(C), we apply a de novo standard of review. *State v. Nero,* 56 Ohio St.3d 106, 108-109, 564 N.E.2d

474(1990); *State v. Lebron,* 8th Dist. Cuyahoga No. 108825, 2020-Ohio-1507, ¶9; *State v. Groves,* 5th Dist. Fairfield Nos. 2019 CA 00032, 2019 CA 00033, 2019-Ohio-5025,¶7.

**Issues for Appellate Review**: 1). *Whether the record reflects that, the trial court strictly complied with Crim.R.11(C)(2)(c) when advising Fenstermaker of all five constitutional rights listed.  2). Whether the record reflects that Fenstermaker entered guilty pleas in each case.*

**Case Number 20 CRI 12 0772 / 5th Dist. No. 21CAA 09 0044**

**{¶18}** In *State v. Veney*, the Ohio Supreme Court held

A trial court must strictly comply with Crim.R. 11(C)(2)(c) and orally advise a defendant before accepting a felony plea that the plea waives (1) the right to a jury trial, (2) the right to confront one's accusers, (3) the right to compulsory process to obtain witnesses, (4) the right to require the state to prove guilt beyond a reasonable doubt, and (5) the privilege against compulsory self-incrimination.  When a trial court fails to strictly comply with this duty, the defendant's plea is invalid.

120 Ohio St.3d 176, 2008-Ohio-5200, 897 N.E.2d 621, paragraph one of the syllabus.

**{¶19}** With respect to Case Number 20 CRI 0772, the trial court advised Fenstermaker of each one of the five enumerated constitutional rights.  T. June 29, 2021 at 6-7.  Notably, a plea is not invalid merely because the court does not stop and inquire after the explanation of each right.  *State v. Ballard*, 66 Ohio St.2d 473, 479, 423 N.E.2d 115 (1981).While the best method of informing a defendant of his constitutional rights is to use the language contained in Crim.R. 11(C), stopping after each right and asking the defendant whether he understands the right and knows that he is waiving it by pleading

guilty, the failure to so proceed will not necessarily invalidate a plea. *Ballard* at 479. The court can look to the totality of the record to determine whether that defendant was meaningfully informed of the specific rights. *Ballard* at 480-482.

**{¶20}** Fenstermaker was represented by counsel and further indicated he understood that he was entering guilty pleas in Case Number 20 CRI 0772 in writing.

**{¶21}** While it may be a better practice to give all advisements on the same day, Fenstermaker cites no authority holding that a continuance requires the court to revisit what a defendant has acknowledged before. *See, United State v. Smith,* 743 Fed.Appx. 606, 610 (6th Cir. 2018). It is also important to note that in the case at bar, the trial court advised Fenstermaker of his constitutional rights with respect to Case Number 20 CRI 0772 on June 29, 2021. Fenstermaker waived his constitutional rights with respect to Case Number 20 CRI 0772 on that same day, during that same hearing on June 29, 2021.

**{¶22}** Fenstermaker's reliance upon *State v. Brinkman*, 165 Ohio St.3d 523, 2021-Ohio-2473, 180 N.E.3d 1074 is misplaced. The Ohio Supreme Court found error in that case because Brinkman entered his guilty plea and the trial court accepted Brinkman's guilty *before* the trial court advised Brinkman of his constitutional rights to confront the witnesses against him and to have the state prove his guilt beyond a reasonable doubt. *Brinkman* at ¶1; ¶9; ¶14; ¶17; and ¶19. In the case at bar, Fenstermaker did not enter his guilty pleas and the trial court did not accept his guilty pleas until after the trial court advised Fenstermaker of all of his constitutional rights as required by Crim. R. 11. T. June 29, 2021 at 6-7; T. June 30, 2021 at 8. The advisement and Fenstermaker's waiver occurred during the June 29, 2021 hearing with respect to Case Number 20 CRI 0772.

**{¶23}** With respect to the non-constitutional Crim.R.11(C)(2)(a)(b) rights, Fenstermaker does not challenges his guilty pleas on the basis that the advisement for the non-constitutional rights did not substantially comply with Crim.R. 11(C)(2)(a)(b) and further, he did not argue a prejudicial effect, meaning his pleas would not have been otherwise entered.

**{¶24}** Fenstermaker next contends that he never entered a plea of "guilty" on the record.

**{¶25}** A plea of guilty constitutes a complete admission of guilt. Crim. R. 11 (B)(1). "By entering a plea of guilty, the accused is not simply stating that he did the discreet acts described in the indictment; he is admitting guilt of a substantive crime." *United v. Broce*, 488 U.S. 563, 570, 109 S.Ct. 757, 762, 102 L.Ed.2d 927(1989).

**{¶26}** During the June 30, 2021 hearing,

THE COURT: Okay. Thank you. Do you admit that you committed the crimes of sexual of pandering sexually oriented material involving a minor as alleged in Counts 1, 2, 3, and 4?

*Do you admit that you committed those crimes*?

THE DEFENDANT: Yes. Yes, Your Honor.

THE COURT: *And do you admit that you committed the crime of gross sexual imposition* as alleged in Counts 8 and 9?

THE DEFENDANT: Yes, Your Honor.

T. June 30, 2021 at 8 (emphasis added).

**{¶27}** In Case Number 20 CRI 12 0772 / 5th Dist. No. 21 CAA 09 0044, we find that the trial court did meaningfully inform Fenstermaker of the five constitutional rights

enumerated in Crim R. 11(C)(2)(c).  Based on this record, we hold that the trial court strictly complied with Crim.R. 11(C)(2)(c) before accepting Fenstermaker's guilty pleas and therefore his pleas are valid.  We further find that Fenstermaker's admission that he committed the crimes is an admission of his guilt, which is the functional equivalent to entering a plea of "guilty."

**Case Number 20 CRI 03 0176 / 5th Dist. No. 21 CAA 09 0045**

**{¶28}**  During the June 29, 2021 change of plea hearing, the trial court only advised Fenstermaker of his constitutional rights concerning Case Number 20 CRI 12 0772.  The trial court made no mention during the Crim.R. 11 colloquy of Case Number 20 CRI 03 0176, or Having Weapons While Under a Disability.  In fact after advising Fenstermaker of his constitutional rights, the court only inquired,

> Are you voluntarily giving up those rights with regard to *these four*
>
> *second degree felonies of  pandering and these two fourth degree felonies*
>
> *of gross sexual imposition?*

T. June 29, 2021 at 7 (emphasis added).  It was only after the trial court accepted Fenstermaker's plea in Case No. 20 CRI 12 0772 that the court was reminded that Fenstermaker had not yet plead in Case Number 21 CRI 03 0175, the Having Weapons While Under a Disability case.

**{¶29}**  Because the trial court specifically referenced only the charges in Case No. 20 CRI 12 0772, we cannot find that the advisement of constitutional rights was sufficient to cover the plea in Case Number 21 CRI 03 0175, the Having Weapons While Under a Disability case.

{¶30} A thorough review of the record reveals that the trial court never advised Fenstermaker of (1) the right to a jury trial, (2) the right to confront one's accusers, (3) the right to compulsory process to obtain witnesses, (4) the right to require the state to prove guilt beyond a reasonable doubt, and (5) the privilege against compulsory self-incrimination during either the June 29, 2021 hearing or the June 30, 2021 hearing with respect to  Case Number 21 CRI 03 0175, the Having Weapons While Under a Disability case.

{¶31}  Based on this record, we hold that the trial court's failure to strictly comply with Crim.R. 11(C)(2)(c) before accepting Fenstermaker's guilty plea in Case Number 21 CRI 03 0175 renders his plea invalid.

## Conclusion

{¶32} In Case Number 20 CRI 12 0772/5th Dist. No. 21 CAA 09 0044 Fenstermaker's First and Second Assignments of Error are overruled.

{¶33} In Case Number 20 CRI 03 0176/5th Dist. No. 21 CAA 09 0045, Fenstermaker's First Assignment of Error is sustained.   Fenstermaker's Second Assignment of Error is moot.

In Case Number 20 CRI 12 0772/5th Dist. No. 21 CAA 09 0044 the judgment of the Delaware County Court of Common Pleas is affirmed.

In Case Number 20 CRI 03 0176/5th Dist. No. 21 CAA 09 0045, the judgment of the Delaware County Court of Common Pleas is reversed, and this matter is remanded to the trial court for further proceedings consistent with this Opinion and the law.

By: Gwin, J.,

Wise, Earle E., P.J., and

Hoffman, J., concur