[Cite as *State v. Cawley*, 2024-Ohio-5536.]

COURT OF APPEALS
MUSKINGUM COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | |
|---|---|
| STATE OF OHIO | JUDGES:<br>Hon. W. Scott Gwin, P.J. |
|     Plaintiff-Appellee | Hon. John W. Wise, J.<br>Hon. Andrew J. King, J. |
| -vs- | |
| | Case No. CT2024-0066 |
| CHARLES CAWLEY | |
|     Defendant-Appellant | O P I N I O N |


CHARACTER OF PROCEEDING:      Criminal Appeal from the Court of Common
Pleas, Case No. CR2023-0829


JUDGMENT:                   Affirmed


DATE OF JUDGMENT ENTRY:      November 22, 2024


APPEARANCES:

For Plaintiff-Appellee             For Defendant-Appellant

JOSEPH PALMER              APRIL F. CAMPBELL
ASSISTANT PROSECUTOR      CAMPBELL LAW, LLC
27 North 5th Street              545 Metro Place South, Suite 100
Zanesville, Ohio 43701          Dublin, Ohio 43017

*Wise, J.*

**{¶1}** Defendant-Appellant Charles E. Cawley appeals his convictions and sentence on one count of Pandering Obscenity Involving a Minor or Impaired Person, following a plea of guilty, in the Muskingum County Court of Common Pleas.

**{¶2}** Plaintiff-Appellee, the state of Ohio, has not filed a brief in this matter.

*Facts and Procedural History*

**{¶3}** The relevant facts and procedural history are as follows:

**{¶4}** On December 27, 2023, a Muskingum County Grand Jury indicted Appellant Charles E. Cawley on three counts of Pandering Obscenity Involving a Minor or Impaired Person, in violation of R.C. §2907.321(A)(1), all second-degree felonies.

**{¶5}** According to the facts adduced at Appellant's plea hearing, the Muskingum County Sherriff's office began investigating Appellant in December, 2023, following a tip that he was suspected to be pandering obscenity. (Plea T. at 14). During the course of the investigation, three videos were located on a cell phone registered to Appellant's mother but in the possession of Appellant. *Id.* Ultimately, the Sheriff's Office obtained Appellant's phone pursuant to a search warrant, finding three videos, all of which involved men raping minor girls. *Id.* Appellant admitted to possessing said videos.

**{¶6}** On January 8, 2024, Appellant entered pleas of not guilty to the charged offenses.

**{¶7}** On March 4, 2024, Appellant entered into a negotiated plea wherein he entered a plea of guilty to Count One in exchange for the state agreeing to dismiss Counts Two and Three. (Plea T. at 3). In addition, the parties jointly recommended the maximum possible minimum prison term, which is an eight-year term. (Plea T. at 3-4).

{¶8} By Judgment Entry entered March 6, 2024, the trial court accepted Appellant's guilty plea and ordered a pre-sentence investigation.

{¶9} On April 24, 2024, at the sentencing hearing, the trial court sentenced Appellant to a stated minimum prison term of eight (8) years with an indefinite prison term of twelve (12) years. He was also classified as a Tier II sexual offender.

{¶10} On July 29, 2024, counsel for Appellant filed a Motion to Withdraw and a brief pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), indicating that the within appeal was wholly frivolous and setting forth one proposed assignment of error which could arguably support the appeal:

{¶11} "I. THE TRIAL COURT ERRED IN ACCEPTING CAWLEY'S GUILTY PLEA UNDER CRIM.R. 11 AND ERRED IN SENTENCING HIM."

{¶12} On August 13, 2024, this Court issued a Judgment Entry notifying Appellant that his counsel filed an *Anders* brief and allowing Appellant sixty days to file a *pro se* brief.

{¶13} Appellant has not filed a *pro se* brief in this matter.

*Anders Law and Analysis*

{¶14} In *Anders*, the United States Supreme Court held, if after a conscientious examination of the record, a defendant's counsel concludes the case is wholly frivolous, he should so advise the court and request permission to withdraw. *Id.* Counsel may accompany his or her request with a brief identifying anything in the record that could arguably support the client's appeal. *Id.* Counsel also must: (1) furnish the client with a copy of the brief and request to withdraw; and, (2) allow the client sufficient time to raise any matters that the client chooses. *Id.*

**{¶15}** Once the defendant's counsel satisfies these requirements, the appellate court must fully examine the proceedings below to determine if any arguably meritorious issues exist. If the appellate court also determines that the appeal is wholly frivolous, it may grant counsel's request to withdraw and dismiss the appeal without violating constitutional requirements, or may proceed to a decision on the merits if state law so requires. *Id.*

**{¶16}** By Judgment Entry filed August 13, 2024, this Court noted that counsel had filed an *Anders* brief and had indicated to the Court that she had served Appellant with the brief.  Accordingly, this Court notified Appellant via Certified U.S. Mail that he "may file a *pro se* brief in support of the appeal within 60 days of the date of this entry." Appellant had until October 13, 2024, to file a *pro se* brief.

**{¶17}** As stated above, Appellant has not filed a *pro se* brief in this matter.

**{¶18}** We find Appellant's counsel in this matter has adequately followed the procedures required by *Anders.*

**{¶19}** As Appellant has not submitted a *pro se* brief and the state of Ohio did not file a response brief, this Court will review the proposed potential assignment of error and will undertake, pursuant to *Anders*, to fully examine the proceedings to decide if this appeal is indeed wholly frivolous

**I.**

**{¶20}** In the sole proposed assignment of error, counsel proposes that the trial court erred in accepting Appellant's guilty plea and erred in sentencing. We disagree.

*Plea Hearing*

**{¶21}** Crim.R. 11 requires guilty pleas to be made knowingly, intelligently, and voluntarily. Although literal compliance with Crim.R. 11 is preferred, the trial court need only "substantially comply" with the rule when dealing with the non-constitutional elements of Crim.R. 11(C). *State v. Ballard*, 66 Ohio St.2d 473, 475(1981), citing *State v. Stewart*, 51 Ohio St.2d 86 (1977).

**{¶22}** The constitutional rights are: (1) a jury trial; (2) confrontation of witnesses against him; (3) the compulsory process for obtaining witnesses in his favor; (4) that the state must prove the defendant's guilt beyond a reasonable doubt at trial; and (5) that the defendant cannot be compelled to testify against himself. *State v. Veney*, 2008-Ohio-5200, ¶ 19. If the trial court fails to strictly comply with these requirements, the defendant's plea is invalid. *Id.* at ¶ 31.

**{¶23}** The non-constitutional rights that the defendant must be informed of are: (1) the nature of the charges; (2) the maximum penalty involved, which includes, if applicable, an advisement on post-release control; (3) if applicable, that the defendant is not eligible for probation or the imposition of community control sanctions; and (4) that after entering a guilty plea or a no contest plea, the court may proceed directly to judgment and sentencing. Crim.R. 11(C)(2)(a)(b); *Veney* at ¶ 10-13; *State v. Sarkozy*, 2008-Ohio-509, ¶ 19-26, (post-release control is a non-constitutional advisement).

**{¶24}** For the non-constitutional rights, the trial court must substantially comply with Crim.R. 11's mandates. *State v. Nero,* 56 Ohio St.3d 106, 108(1990). "Substantial compliance means that under the totality of the circumstances the defendant subjectively understands the implications of his plea and the rights he is waiving." *Veney,* 2008-Ohio-

5200, at ¶15. Furthermore, a defendant who challenges his guilty plea on the basis that the advisement for the non-constitutional rights did not substantially comply with Crim.R. 11(C)(2)(a)(b) must also show a prejudicial effect, meaning the plea would not have been otherwise entered. *Veney* at ¶15; *State v. Stewart*, 51 Ohio St.2d 86, 93 (1977).

**{¶25}** When reviewing a plea's compliance with Crim.R. 11(C), we apply a *de novo* standard of review. *State v. Nero,* 56 Ohio St.3d 106, 108-109 (1990); *State v. Lebron,* 2020-Ohio-1507, ¶ 9 (8th Dist.); *State v. Groves,* 2019 CA 00033, 2019-Ohio-5025, ¶ 7 (5th Dist.).

**{¶26}** Here, Counsel concedes the trial court engaged in a complete plea colloquy as required by Crim.R. 11.

**{¶27}** Upon review, we find that the record demonstrates the trial court carefully adhered to Criminal Rule 11 and strictly complied with all of the requirements of Criminal Rule 11. The trial judge conducted a complete and thorough colloquy. Appellant acknowledged he understood his rights, the charges, the plea agreement, the maximum penalties, and the specific constitutional rights he was waving with the plea. The record further supports that the trial judge substantially complied with Crim.R. 11's mandates for non-constitutional rights. The record supports a conclusion that the pleas were properly entered and accepted.

**{¶28}** Thus, after independently reviewing the record we find no arguably meritorious issues exist with respect to whether Appellant's guilty pleas were made knowingly, intelligently, and voluntarily and therefore find no error in the trial court's acceptance of Appellant's guilty plea.

*Sentencing*

**{¶29}** In the instant case, the sentence was jointly recommended. R.C. §2953.08(D)(1), which governs appellate review of sentencing, states, "A sentence imposed upon a defendant is not subject to review under this section if the sentence is authorized by law, has been recommended jointly by the defendant and the prosecution in the case, and is imposed by a sentencing judge."

**{¶30}** Here, the sentence in the instant case was authorized by law. The sentence fell within the statutory range. Post-release control was properly imposed, and the trial court considered the sentencing factors set forth in R.C. §2929.11 and R.C. §2929.12.

**{¶31}** Accordingly, Appellant's proposed assignment of error is overruled.

*Conclusion*

**{¶32}** After independently reviewing the record, we agree with appellate counsel's conclusion that no arguably meritorious claims exist upon which to base an appeal. Hence, we find the appeal to be wholly frivolous under *Anders,* grant counsel's request to withdraw, and affirm the judgment of the Court of Common Pleas, Muskingum County, Ohio.

By: Wise, J.
Gwin, P. J., and
King, J., concur.


JWW/kw 1120