[Cite as *State v. Himebaugh*, 2025-Ohio-1960.]

COURT OF APPEALS
PERRY COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | JUDGES: |
| | : | Hon. Craig R. Baldwin, P.J. |
| Plaintiff-Appellee | : | Hon. Andrew J. King, J. |
| | : | Hon. David M. Gormley, J. |
| -vs- | : | |
| | : | |
| DANIEL BRUCE HIMEBAUGH | : | Case No. 24-CA-00012 |
| | : | |
| Defendant-Appellant | : | O P I N I O N |


CHARACTER OF PROCEEDING:                Appeal from the Court of Common
                                        Pleas, Case No. 24-CR-0018


JUDGMENT:                               Affirmed


DATE OF JUDGMENT:                       May 30, 2025


APPEARANCES:

For Plaintiff-Appellee                  For Defendant-Appellant

TERRY RUGG                              BENJAMIN E. FICKEL
P.O. Box 569                            172 North Mulberry Street
New Lexington, OH  43764                Logan, OH  43138

*King, J.*

{¶ 1}   Defendant-Appellant, Daniel Bruce Himebaugh, appeals his October 23, 2024 conviction from the Court of Common Pleas of Perry County, Ohio.  Appellee is the State of Ohio.  We affirm the trial court.

FACTS AND PROCEDURAL HISTORY

{¶ 2}   On April 22, 2024, the Perry County Grand Jury indicted Himebaugh on one count of having weapons while under disability in violation of R.C. 2923.13.   On September 17, 2024, Himebaugh pled guilty to the charge.   The parties jointly recommended a sentence of community control.   A sentencing hearing was held on October 22, 2024.   By uniform sentencing entry filed October 23, 2024, the trial court sentenced Himebaugh to twenty-four months in prison.

{¶ 3}   Himebaugh filed an appeal and was appointed counsel.   Thereafter, Himebaugh's attorney filed an *Anders* brief under *Anders v. California*, 386 U.S. 738 (1967).   In *Anders,* the United States Supreme Court held that if, after a conscientious examination of the record, the defendant's counsel concludes that the case is wholly frivolous, then counsel should so advise the court and request permission to withdraw. *Id.* at 744.  Counsel must accompany the request with a brief identifying anything in the record that could arguably support the defendant's appeal*.  Id.*  Counsel also must: (1) furnish the defendant with a copy of the brief and request to withdraw; and (2) allow the defendant sufficient time to raise any matters that the defendant chooses. *Id.*  Once the defendant's counsel satisfies these requirements, the appellate court must fully examine the proceedings below to determine if any arguably meritorious issues exist.   If the appellate court also determines that the appeal is frivolous, it may grant counsel's request

to withdraw and dismiss the appeal without violating constitutional requirements, or may proceed to a decision on the merits if state law so requires. *Id.*

{¶ 4} On February 18, 2025, Himebaugh's counsel filed a motion to withdraw and indicated he sent Himebaugh a copy of the *Anders* brief. By judgment entry filed February 24, 2025, this court noted counsel had filed an *Anders* brief and indicated to the court that he had served Himebaugh with the brief. Accordingly, this court notified Himebaugh via certified U.S. Mail that he "may file a pro se brief in support of the appeal within 60 days from the date of this entry." Himebaugh did not do so.

{¶ 5} The matter is now before this court for consideration of counsel's *Anders* brief. Counsel urges this court to review the following:

I

{¶ 6} "APPELLANT MAY ASSERT, AS AN ASSIGNMENT OF ERROR, THAT THE GUILTY PLEA WAS NOT MADE KNOWINGLY AND VOLUNTARILY."

II

{¶ 7} "APPELLANT MAY ASSERT, AS AN ASSIGNMENT OF ERROR, THAT THE TRIAL COURT ERRED BY FAILING TO PROPERLY NOTIFY HIM THAT THE COURT DID NOT HAVE TO FOLLOW THE PLEA AGREEMENT."

I

{¶ 8} In the first assignment of error, counsel suggests Himebaugh's plea was not made knowingly and voluntarily. We disagree.

{¶ 9} When reviewing a plea's compliance with Crim.R. 11(C), we apply a de novo standard of review. *State v. Nero*, 56 Ohio St.3d 106, 108-109 (1990); *State v. Groves*, 2019-Ohio-5025, ¶ 7 (5th Dist.).

{¶ 10} Crim.R. 11 requires guilty pleas to be made knowingly, intelligently, and voluntarily. The Supreme Court of Ohio noted the "different tiers of compliance with the rule" i.e., partially, substantially, strictly, literally, "have served only to unduly complicate what should be a fairly straightforward inquiry." *State v. Dangler,* 2020-Ohio-2765, ¶ 17. The Court stated: "Properly understood, the questions to be answered are simply: (1) has the trial court complied with the relevant provision of the rule? (2) if the court has not complied fully with the rule, is the purported failure of a type that excuses a defendant from the burden of demonstrating prejudice? and (3) if a showing of prejudice is required, has the defendant met that burden?" *Id.* But the Court reaffirmed the substantial compliance rule when it stated: "the traditional rule continues to apply: a defendant is not entitled to have his plea vacated unless he demonstrates he was prejudiced by a failure of the trial court to comply with the provisions of Crim.R. 11(C)." *Id.* at ¶ 16, citing *Nero* at 108. In *Nero,* the Supreme Court of Ohio stated: "[l]iteral compliance with Crim.R. 11 is certainly the preferred practice, but the fact that the trial judge did not do so does not require vacation of the defendant's guilty plea if the reviewing court determines that there was substantial compliance." *Nero* at 108. "Substantial compliance" means "under the totality of the circumstances the defendant subjectively understands the implications of his plea and the rights he is waiving." *Id.*

{¶ 11} As to the constitutional notifications, before accepting a plea, a trial court must inform a defendant that by entering a plea, the defendant waives important constitutional rights, specifically: (1) the right to a jury trial; (2) the right to confront one's accusers; (3) the privilege against compulsory self-incrimination; (4) the right to

compulsory process to obtain witnesses; and (5) the right to require the state to prove the defendant's guilt beyond a reasonable doubt at trial. Crim.R. 11(C)(2)(c).

{¶ 12} As to the non-constitutional rights, a trial court must notify a defendant of: (1) the nature of the charges; (2) the maximum penalty involved, which includes, if applicable, an advisement on post-release control; (3) if applicable, that the defendant is not eligible for probation or the imposition of community control sanctions; and (4) that after entering a guilty plea or a no contest plea, the court may proceed directly to judgment and sentencing. Crim.R. 11(C)(2)(a) and (b).

{¶ 13} We have reviewed the transcript of Himebaugh's plea and find the trial court was very thorough in its explanations and met *Dangler's* requirement of compliance with his constitutional and non-constitutional rights; Himebaugh indicated he understood the implications of his plea and the rights he was waiving. September 17, 2024 T. at 3-8. He stated he understood the charge he was pleading guilty to and the possible penalties. *Id.* at 4-8.

{¶ 14} Himebaugh did not ask any questions or express any confusion as to what he was doing. Following the colloquy on giving up his constitutional rights, the trial court accepted Himebaugh's guilty plea, finding the plea "has been intelligently, knowledgeably, and voluntarily entered." *Id.* at 9. We do not find any evidence to the contrary.

II

{¶ 15} In the second assignment of error, counsel suggests the trial court erred in failing to properly notify Himebaugh that it did not have to follow the plea agreement. We disagree.

{¶ 16} During the plea colloquy, defense counsel informed the trial court that Himebaugh was pleading guilty to the charge and "the State is recommending community control with a condition that he perform 100 hours of community service." September 17, 2024 T. at 3. The prosecutor agreed. *Id.* The trial court informed Himebaugh of the maximum penalty and he agreed he understood the possible penalties. *Id.* at 5. After informing Himebaugh of all his rights, the following exchange occurred (*Id.* at 8):

THE COURT: Have any promises been made to cause you to change your plea from not guilty to guilty?

THE DEFENDANT: No.

THE COURT: And you understand that the State is making a recommendation for sentencing in this case?

THE DEFENDANT: Yes.

THE COURT: Do you understand that the Court does not have to follow that recommendation?

THE DEFENDANT: Yes.

{¶ 17} Himebaugh signed a plea of guilty form on September 17, 2024. The form indicated he understood the maximum penalty as follows: "For the offense of Having Weapons While Under Disability, a felony of the third degree, a maximum prison term of a definite period of thirty-six (36) months in a State Penal Institution and a maximum fine of up to $10,000.00." In the same form, Himebaugh acknowledged the following:

No promises have been made except as part of this plea agreement stated entirely as follows:

For the offense of Having Weapons While Under Disability, a felony of the third degree, the State will recommend to the Court that I receive a sentence of community control under the standard terms of community control of the Court with a condition that I be required to perform one hundred (100) hours of community service. Further, I will be required to pay court costs.

I understand that the Judge is not bound by the Prosecutor's recommendation and can reject the Prosecutor's recommendation. If the Judge rejects the Prosecutors recommendation, I understand that she can impose a sentence ranging from the minimum to the maximum permitted by law.

{¶ 18} During the plea colloquy, Himebaugh acknowledged reading the plea form, understanding it, and signing it. *Id.* at 5. Himebaugh was properly notified that the trial court was not obligated to follow the sentencing recommendation, both orally during the plea hearing and in writing in the plea of guilty form.

{¶ 19} We have reviewed the record and find no error which would warrant a reversal of Himebaugh's conviction or sentence. October 22, 2024 Sentencing Hearing T. at 4-7; R.C. 2929.14(A)(3).

{¶ 20} "*Anders* equated a frivolous appeal with one that presents issues lacking in arguable merit. . . . An issue lacks arguable merit if, on the facts and law involved, no

responsible contention can be made that it offers a basis for reversal." *State v. Pullen,* 2002-Ohio-6788, ¶ 4 (2d Dist.).

{¶ 21} After independently reviewing the record, we agree with appellate counsel's conclusion that no arguably meritorious claims exist upon which to base an appeal. We find the appeal to be wholly frivolous under *Anders*, grant counsel's request to withdraw, and affirm the judgment of the trial court.

{¶ 22} The judgment of the Court of Common Pleas of Perry County, Ohio, is hereby affirmed.

By: King, J.

Baldwin, P.J. and

Gormley, J. concur.