**[Cite as *State v. Perry*, 2025-Ohio-2097.]**

COURT OF APPEALS
RICHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | JUDGES: |
| | : | Hon. Andrew J. King, P.J. |
| Plaintiff - Appellee | : | Hon. Robert G. Montgomery, J. |
| | : | Hon. David M. Gormley, J. |
| -vs- | : | |
| | : | |
| MICHAEL PERRY | : | Case No. 2024-CA-0076 |
| | : | |
| Defendant - Appellant | : | O P I N I O N |

CHARACTER OF PROCEEDING:          Appeal from the Court of Common
                                  Pleas, Case No. 2024-CR-028N

JUDGMENT:                         Affirmed

DATE OF JUDGMENT:                 June 11, 2025

APPEARANCES:

For Plaintiff-Appellee                    For Defendant-Appellant

MEGAN HOBART                              WESLEY C. BUCHANAN
38 South Park Street                      50 South Main Street
Mansfield, OH  44902                      Suite 625
                                          Akron, OH  44308

*King, J.*

{¶ 1}   Defendant-Appellant Michael Perry appeals the August 21, 2024 judgment of conviction and sentence of the Richland County Court of Common Pleas. Plaintiff-Appellee is the State of Ohio. We affirm the trial court.

Facts and Procedural History

{¶ 2}   On June 21, 2024, the Richland County Grand Jury returned a 157-count indictment charging Perry as follows;

{¶ 3}   Two counts of pandering obscenity involving a minor or impaired person in violation of R.C. 2907.321(A)(5), felonies of the fourth degree.

{¶ 4}   Thirty-four counts of pandering sexually oriented matter involving a minor or impaired person in violation of R.C. 2907.322(A)(5), felonies of the fourth degree;

{¶ 5}   Seventy-six counts of illegal use of a minor or impaired person in nudity-oriented material or performance in violation of R.C. 2907.323(A)(1), felonies of the second degree;

{¶ 6}   Forty-two counts of illegal use of a minor or an impaired person in nudity-oriented material or performance in violation of R.C. 2907.323(A)(3), felonies of the fifth degree;

{¶ 7}   One count of gross sexual imposition in violation of R.C. 2907.05(A)(4), a felony of the third degree;

{¶ 8}   One count of public indecency in violation of 2907.09(B)(4), a misdemeanor of the first degree;

{¶ 9}   One count of public indecency in violation of R.C. 2907.09(B)(3), a misdemeanor of the second degree.

{¶ 10} The charges involved Perry possessing and creating child pornography by photoshopping the head of a young family member onto pornographic images, engaging in sexual contact with a young family member, and exposing himself to young family members.

{¶ 11} Following plea negotiations with the State, Perry agreed to enter guilty pleas to 30 counts of illegal use of a minor or impaired person in nudity-oriented material or performance, felonies of the second degree, one count of gross sexual imposition, a felony of the third degree, and two counts of misdemeanor public indecency. In exchange, the state agreed to dismiss the balance of the indictment and recommend a 15-year sentence.

{¶ 12} The trial court held a change-of-plea hearing on August 16, 2024. Following a thorough Crim.R. 11 plea colloquy, Perry entered pleas as outlined above. The trial court then heard from the parties and the victim advocate and also reviewed a letter written by Perry. The trial court then rejected the jointly recommended sentence and imposed an aggregate indefinite prison term of 25 to 29 years. Perry was additionally classified as a Tier III sex offender.

{¶ 13} Perry timely filed an appeal and the matter is now before this court for review. He raises one assignment of error as follows:

I

{¶ 14} "MICHAEL'S PLEA WAS NOT KNOWINGLY, INTELLIGENTLY, AND VOLUNTARILY MADE."

{¶ 15} In his sole assignment of error, Perry argues his pleas were not entered knowingly, intelligently, or voluntarily because the trial court did not impose the sentence agreed upon by himself and the state. We disagree.

Applicable Law

{¶ 16} When reviewing a plea's compliance with Crim.R. 11(C), we apply a de novo standard of review. *State v. Nero*, 56 Ohio St.3d 106, 108-109 (1990); *State v. Groves*, 2019-Ohio-5025, ¶ 7 (5th Dist.).

{¶ 17} Crim.R. 11 requires guilty pleas to be made knowingly, intelligently, and voluntarily. Although literal compliance with Crim.R. 11 is preferred, the trial court need only "substantially comply" with the rule when dealing with the non-constitutional elements of Crim.R. 11(C), and strictly comply with the constitutional notifications. *State v. Ballard*, 66 Ohio St.2d 473, 475 (1981), citing *State v. Stewart*, 51 Ohio St.2d 86 (1977); *State v. Veney*, 2008-Ohio-5200, ¶ 31.

{¶ 18} As to the constitutional notifications, before accepting a plea, a trial court must inform a defendant that by entering a plea, the defendant waives important constitutional rights, specifically: (1) the right to a jury trial; (2) the right to confront one's accusers; (3) the privilege against compulsory self-incrimination; (4) the right to compulsory process to obtain witnesses; and (5) the right to require the state to prove the defendant's guilt beyond a reasonable doubt at trial. *Veney* at ¶ 19. If the trial court fails to strictly comply with these requirements, then the defendant's plea is invalid. *Id.* at ¶ 31.

{¶ 19} As to the non-constitutional rights, a trial court must notify a defendant of: (1) the nature of the charges; (2) the maximum penalty involved, which includes, if applicable, an advisement on post-release control; (3) if applicable, that the defendant is

not eligible for probation or the imposition of community control sanctions; and (4) that after entering a guilty plea or a no contest plea, the court may proceed directly to judgment and sentencing. Crim.R. 11(C)(2)(a) and (b); *Veney* at ¶ 10-13.

{¶ 20} For these non-constitutional rights, the trial court must substantially comply with the mandates of Crim.R. 11. *State v. Nero*, 56 Ohio St.3d 106, 108 (1990). "Substantial compliance means that under the totality of the circumstances the defendant subjectively understands the implications of his plea and the rights he is waiving." *Veney* at ¶ 15.

{¶ 21} We have reviewed the transcript of Perry's plea. We find it reflects the trial court's strict compliance with each constitutional notification and its substantial compliance with each non-constitutional notification, and Perry does not argue otherwise. Transcript of plea (T.) 4-11. Instead, Perry argues that because the trial court deviated from the sentence recommended by the parties, his pleas were not knowingly, voluntarily, or intelligently made.

{¶ 22} Before accepting his pleas, however, the trial court advised Perry:

> The Court: All right. Now, I understand that there is a plea agreement in place currently. For your pleas to these counts, the State is agreeing to dismiss all remaining counts and the parties have agreed to a 15-year prison sentence. Do you understand there's a plea agreement in place?
>
> [Perry]: Yes.

The Court: You understand that even though the parties agreed to this, the Court doesn't have to follow that agreement? However, the Court generally does. Do you understand?

[Perry]: Yes.

{¶ 23} T. 7-8.

{¶ 24} Before sentencing, Perry wrote a letter to the trial court which influenced the trial court's sentencing decision. The court read the letter into the record. In it, Perry alleged that rather than seeking out and creating child pornography for personal consumption, he was actually conducting research for a paper on pedophilia. He further stated he was not a deviant and did not think anyone would discover his activities or that he would be caught. The letter contained no apology to Perry's young family members. The trial court indicated the letter demonstrated that Perry had no remorse for his actions and found his relationship with his young family member was an aggravating factor. T. 18-20.

{¶ 25} As Perry was appropriately warned, a trial court is not bound by the State's sentencing recommendation. *State v. Ybarra*, 2014-Ohio-3485, ¶ 22 (5th Dist.), citing *State v. Rink*, 2003-Ohio-4097, ¶ 5 (6th Dist.). "When a trial court imposes a greater sentence than recommended in the plea agreement, and when the defendant is forewarned of the applicable maximum penalties, there is no error on behalf of the trial court if it imposes a more severe sentence than was recommended by the prosecutor." *State v. Brooks*, 2016-Ohio-8250, ¶ 20 (5th Dist.), citing *State v. Darmour*, 38 Ohio App.3d

160, 160-161 (8th Dist. 1987). Here, the trial court advised Perry of the applicable maximum penalties. T. 6-7.

{¶ 26} Upon review, we find Perry's plea was intelligent, knowing, and voluntary and that the trial court did not err in accepting the same. The sole assignment of error is overruled.

{¶ 27} The judgment of the Richland County Court of Common Pleas is affirmed.


By: King, P.J.

Montgomery, J. and

Gormley, J. concur.