[Cite as *State v. Moore*, 2025-Ohio-2662.]

COURT OF APPEALS
KNOX COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | JUDGES: |
| | : | Hon. Andrew J. King, P.J. |
| Plaintiff-Appellee | : | Hon. Kevin W. Popham, J. |
| | : | Hon. David M. Gormley, J. |
| -vs- | : | |
| | : | |
| CAMERON MOORE | : | Case No. 24CA000023 |
| | : | |
| Defendant-Appellant | : | O P I N I O N |

CHARACTER OF PROCEEDING:     Appeal from the Court of Common
Pleas, Case No. 24CRB080173

JUDGMENT:     Affirmed

DATE OF JUDGMENT:     July 29, 2025

APPEARANCES:

For Plaintiff-Appellee                            For Defendant-Appellant

CHARLES T. MCCONVILLE                TODD W. BARSTOW
117 East High Street                          14 North Park Place
Mount Vernon, OH  43050                  Newark, OH  43055

*King, J.*

{¶ 1}   Defendant-Appellant, Cameron Moore, appeals his September 25, 2024 conviction and sentence from the Court of Common Pleas of Knox County, Ohio.  Plaintiff-Appellee is the State of Ohio.  We affirm the trial court.

FACTS AND PROCEDURAL HISTORY

{¶ 2}   On August 26, 2024, the Knox County Grand Jury indicted Moore on two counts of aggravated murder in violation of R.C. 2903.01.  Each count contained two death specifications (mass murder and felony murder).  The charges arose from the death of two individuals during the commission of an aggravated burglary.

{¶ 3}   On September 24, 2024, Moore signed a waiver of trial by jury; the trial court granted the waiver, finding the waiver was made knowingly, intelligently, and voluntarily.  Also on September 24, 2024, Moore pled guilty to the charges pursuant to a signed negotiated plea agreement entered in the record; the state agreed to dismiss the death specifications in exchange for the pleas.  By journal entry filed September 25, 2024, the trial court accepted Moore's pleas, finding they were made knowingly, voluntarily, and intelligently.   Also on September 25, 2024, the trial court sentenced Moore to the negotiated sentence of life without the possibility of parole on each count, to be served consecutively.

{¶ 4}   Moore filed an appeal and was appointed counsel.  Thereafter, Moore's attorney filed an *Anders* brief under *Anders v. California*, 386 U.S. 738 (1967).  In *Anders,* the United States Supreme Court held that if, after a conscientious examination of the record, the defendant's counsel concludes that the case is wholly frivolous, then counsel should so advise the court and request permission to withdraw.  *Id.* at 744.  Counsel must

accompany the request with a brief identifying anything in the record that could arguably support the defendant's appeal. *Id.* Counsel also must: (1) furnish the defendant with a copy of the brief and request to withdraw; and (2) allow the defendant sufficient time to raise any matters that the defendant chooses. *Id.* Once the defendant's counsel satisfies these requirements, the appellate court must fully examine the proceedings below to determine if any arguably meritorious issues exist. If the appellate court also determines that the appeal is frivolous, it may grant counsel's request to withdraw and dismiss the appeal without violating constitutional requirements, or may proceed to a decision on the merits if state law so requires. *Id.*

{¶ 5} On March 19, 2025, Moore's counsel filed a motion to withdraw and indicated he sent Moore a copy of the *Anders* brief and the relevant transcripts. By judgment entry filed April 1, 2025, this court noted counsel had filed an *Anders* brief and indicated to the court that he had served Moore with the brief. Accordingly, this court notified Moore via certified U.S. Mail that he "may file a pro se brief in support of the appeal within 60 days from the date of this entry." Moore did not do so.

{¶ 6} The matter is now before this court for consideration of counsel's *Anders* brief. Counsel urges this court to review the following:

I

{¶ 7} "THE TRIAL COURT ERRED IN ACCEPTING MOORE'S GUILTY PLEAS PURSUANT TO CRIMINAL RULE 11 AND ERRED IN SENTENCING MOORE."

{¶ 8} In the sole proposed assignment of error, counsel suggests the trial court erred in accepting Moore's guilty pleas under Crim.R. 11 and erred in sentencing him. We disagree.

{¶ 9}   When reviewing a plea's compliance with Crim.R. 11(C), we apply a de novo standard of review. *State v. Nero*, 56 Ohio St.3d 106, 108-109 (1990); *State v. Groves*, 2019-Ohio-5025, ¶ 7 (5th Dist.).

{¶ 10} Crim.R. 11 requires guilty pleas to be made knowingly, intelligently, and voluntarily. Although literal compliance with Crim.R. 11 is preferred, the trial court need only "substantially comply" with the rule when dealing with the non-constitutional elements of Crim.R. 11(C), and strictly comply with the constitutional notifications. *State v. Ballard*, 66 Ohio St.2d 473, 475 (1981), citing *State v. Stewart*, 51 Ohio St.2d 86 (1977); *State v. Veney*, 2008-Ohio-5200, ¶ 31.

{¶ 11} As to the constitutional notifications, before accepting a plea, a trial court must inform a defendant that by entering a plea, the defendant waives important constitutional rights, specifically: (1) the right to a jury trial; (2) the right to confront one's accusers; (3) the privilege against compulsory self-incrimination; (4) the right to compulsory process to obtain witnesses; and (5) the right to require the state to prove the defendant's guilt beyond a reasonable doubt at trial. *Veney* at ¶ 19. If the trial court fails to strictly comply with these requirements, then the defendant's plea is invalid. *Id.* at ¶ 31.

{¶ 12} As to the non-constitutional rights, a trial court must notify a defendant of: (1) the nature of the charges; (2) the maximum penalty involved, which includes, if applicable, an advisement on post-release control; (3) if applicable, that the defendant is not eligible for probation or the imposition of community control sanctions; and (4) that after entering a guilty plea or a no contest plea, the court may proceed directly to judgment and sentencing. Crim.R. 11(C)(2)(a) and (b); *Veney* at ¶ 10-13.

{¶ 13} For these non-constitutional rights, the trial court must substantially comply with the mandates of Crim.R. 11. *Nero*, 56 Ohio St.3d at 108. "Substantial compliance means that under the totality of the circumstances the defendant subjectively understands the implications of his plea and the rights he is waiving." *Veney* at ¶ 15.

{¶ 14} We have reviewed the transcript of Moore's plea and find it reflects the trial court's strict compliance with each constitutional notification and its substantial compliance with each non-constitutional notification. T. at 10-35.

{¶ 15} As for Moore's sentence, this court normally reviews felony sentences using the standard of review set forth in R.C. 2953.08. *State v. Marcum*, 2016-Ohio-1002, ¶ 22; *State v. Howell*, 2015-Ohio-4049, ¶ 31 (5th Dist.). However, subsection (D)(1) states: "A sentence imposed upon a defendant is not subject to review under this section if the sentence is authorized by law, has been recommended jointly by the defendant and the prosecution in the case, and is imposed by a sentencing judge." Because the sentence imposed in this case meets all three criteria, it is not subject to review. R.C. 2929.03(C)(a)(i); T. at 8, 15-17, 23, 28, 30, 35, 39, 41-46, 49-58.

{¶ 16} In addition, subsection (D)(3) states: "A sentence imposed for aggravated murder or murder pursuant to sections 2929.02 to 2929.06 of the Revised Code is not subject to review under this section." *See State v. Nitsche*, 2016-Ohio-3170, ¶ 66-67 (8th Dist.); *State v. Patterson,* 2013-Ohio-1647, ¶ 67-70 (5th Dist.). But the Supreme Court of Ohio has noted: "R.C. 2953.08(D)(3) does not preclude an appeal of a sentence for aggravated murder or murder that is based on constitutional grounds." *State v. Patrick*, 2020-Ohio-6803, ¶ 22. Moore did not raise any constitutional issues (or any issues at all)

during his plea/sentencing hearing. *See State v. Mitchell*, 2025-Ohio-1764, ¶ 15 (2d Dist.).

{¶ 17} Under R.C. 2953.08(D)(1) and (3), Moore's sentence is not reviewable by this court.

{¶ 18} Upon review of the record, we find the trial court properly informed Moore of the consequences of his plea, properly considered the factors set forth in R.C. 2929.11 and R.C. 2929.12, and imposed a sentence within the permissible statutory range pursuant to the negotiated plea agreement. The trial court also informed Moore of his right to a jury trial, a three-judge panel, and a mental health examination, all waived by Moore, and that he was not eligible for post-release control because he was being sentenced to life without parole.

{¶ 19} "*Anders* equated a frivolous appeal with one that presents issues lacking in arguable merit. . . . An issue lacks arguable merit if, on the facts and law involved, no responsible contention can be made that it offers a basis for reversal." *State v. Pullen,* 2002-Ohio-6788, ¶ 4 (2d Dist.).

{¶ 20} After independently reviewing the record, we agree with appellate counsel's conclusion that no arguably meritorious claims exist upon which to base an appeal. We find the appeal to be wholly frivolous under *Anders*, grant counsel's request to withdraw, and affirm the judgment of the trial court.

{¶ 21} The judgment of the Court of Common Pleas of Knox County, Ohio is hereby affirmed.

By: King, P.J.

Popham, J. and

Gormley, J. concur.